# Exhibit A

John G. Balestriere
**BALESTRIERE FARIELLO**
225 Broadway, Suite 2900
New York, NY 10007
Telephone: (212) 374-5401
Facsimile: (212) 208-2613
john.balestriere@balestriere.net
*Attorney for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **IRONFORGE.COM, et al.**, individually and for all other similarly situated,<br><br>Plaintiffs,<br><br>- against -<br><br>**PAYCHEX, INC.,**<br><br>Defendant. | Civil Action No.:<br><br>09-cv-06264-DGL-MWP<br><br>**PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** |

**PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PAYCHEX, INC.**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Local Rules 26.2 and 26.3 of this Court, Plaintiffs Ironforge.com ("Ironforge"), Road service, Inc. ("Road Service"), Handy Man Solutions d/b/a Mr. Handyman of Eastern Monroe County, Inc. ("Handyman", together with Ironforge and Road Service, "Plaintiffs") hereby request that Defendant Paychex, Inc., ("Defendant" or "Paychex"), produce for Plaintiffs' inspection and copy the documents described below within **thirty days** after service hereof. Inspection shall take place at the office of Balestriere Fariello, 225 Broadway, Suite 2900, New York, NY 10007.

## DEFINITIONS

In addition to the definitions listed below, Plaintiffs incorporate the Uniform Definitions in Discovery Requests pursuant to Local Civil Rule 26.3 in full:

1.  "401(k) service" means the retirement plan as delineated in Internal Revenue Code section 401, paragraph. As part of the 401(k) plan, a separate account is established for an employee and a part of an employee's pay is contributed to the 401(k) retirement plan.

2.  "Class Period" means the relevant timeframe in this matter, starting in or around March 2003 until the present.

3.  "Company-Client" means any company or client who had any type of service agreement with Paychex.

4.  "Company-Client bank" refers to a financial institution that provides specific products, services, and business needs to a Company-Client.

5.  "Company-Client bank account" means a financial account with a Company-Client bank that conducts all, or some, of the Company-Client's business transactions.

6.  "Complaint Process" or "Customer Service Protocol" the process or company policy whereby a customer can make a complaint about his/her satisfaction with a product or service.

7.  "Customer Service" means a type of service provided before, during, and after a purchase by a company or business, through a representative or

8. "Defendant" means Paychex, Inc.

9. "Dispute" means the current action pending between Plaintiffs and Defendant, *Ironforge.com v. Paychex, Inc.,* No. 6:09-cv-06264-DGL-MWP.

10. The term "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rules of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

11. "Employed" means the state of having employment, in which one person offers service under contract of hire.

12. "Employee" means a person who is hired by an employer to perform a specific type of work.

13. "Enrolled" or "Enrollment" means the process of initiating a type of service with a company or business.

14. The term "Fee" means any monies withdrawn from Company-Clients' bank accounts, or any charges to Company-Clients, for services performed by Paychex, either disclosed or undisclosed, and either authorized or unauthorized.

15. The term "Handyman" refers to Handyman Solutions d/b/a Mr. Handyman of Eastern Monroe County, Inc. in Monroe County, NY. Kathryn Miller is president and managing owner of Handyman Solutions.

16. The term "Identify" when referring to documents, means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

17. "Identify", when referring to a person, means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.

18. "Ironforge" means Ironforge.com and its owner Richard Bergin. Ironforge's location of business is Los Angeles, California.

19. "Matter" means any civil, criminal, agency, regulatory, or self-regulatory action, and includes litigation, investigations, mediations, negotiations, arbitrations, and any other means to resolve or address an actual or potential dispute.

20. The term "Paychex" means Paychex, Inc., whose headquarters is located in Rochester, NY.

21. The term "person" is defined as any natural person or any business, legal or governmental entity.

22. "Physical evidence" means any physical object, intended to prove a fact in issue based on its demonstrable physical characteristics or in other words

23. "Plaintiffs" mean Ironforge.com, Road Service, Inc., and Handyman Solutions d/b/a Mr. Handyman of Eastern Monroe County, Inc.

24. The terms "Plaintiff" and "Defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.

25. "Road Service" refers to Road Service, Inc., located in Rochester, NY, and its owner Rikk Foringer.

26. The term "Service Agreement" refers to the agreement between Paychex and a Company-Client, whereby Company-Client employs Paychex to provide specified services that the Company-Client acknowledges under the provision to pay the agreed upon fees.

27. "Withdrawal" means the removal of money from a bank account or financial institution.

28. "Unauthorized" means without explicit permission from the person or people in authority.

## INSTRUCTIONS

1. Whenever a request calls for information which is not available to you in the form requested, but is available in another form or can be obtained, at least in part, from other data in your possession, so state and either supply the

2.      The time frame of this Request, unless otherwise indicated or agreed to by the parties is the Class Period as defined above.

3.      This Request is continuing in nature. The Defendant answering this Request must supplement its responses to this Request, and when additional responsive documents become known or available to Defendant prior to trial.

4.      Defendant shall produce all documents in his possession, custody or control, including documents in the possession of those purporting to act or to have acted on behalf of Defendant or those who may have obtained information for or on behalf of Defendant regarding the subject matter of this case.

5.      Each and every document request shall be construed independently. No request shall be construed by reference to any other request if the result is a limitation of the scope of the response to such a request.

6.      If Defendant objects to any request, or part thereof, Defendant must state with specificity all grounds for objecting and respond to the request to the extent that Defendant does not object.

7.      Each document request shall be set forth separately and shall be accorded a separate response. Each response shall first set forth verbatim the document request to which it is responsive, followed by Defendant's response.

8.    Documents produced shall be numbered accordingly using a Bates numbering system.

9.    No part of a document request shall be left unanswered merely because an objection is interposed to another part of the document request.

10.   If Defendant is unable to answer any document request, the reasons for Defendant's inability to answer shall be separately stated in detail for each document request.

11.   Reference to any entity includes each of its officials, officers, directors, employees, agents, attorneys, or other persons acting or purporting to act on behalf of the foregoing, whether currently or formerly employed or retained in these capacities.

12.   If any document, or any portion of any document, is withheld under claim of attorney-client privilege or upon any other ground, the respondent withholding the document shall furnish a list, signed by the person supervising the response to this request, identifying each document withheld and stating with respect to each:

   a.   The date and number of pages of the document and the identities of its author, addressee, and each person to whom copies were sent or were to be sent;

   b.   the subject matter of the document;

   c.   the identity of each person to whom the document, its contents, or any portion thereof is known or has been disclosed;

d. if the document is withheld on the grounds of attorney-client privilege;

    (i)     each basis for such claim of privilege, and

    (ii)    identity of each person who was privy to any asserted privileged communication reflected in the document; and

e. if the document is withheld on any ground other than attorney-client privilege, each basis which respondent contends justifies its withholding the document.

## REQUESTS FOR DOCUMENT PRODUCTION

1.    All documents, communications, or documents of communications, relating to any of the interrogatories contained in Plaintiffs' First Set of Interrogatories.

2.    All communications and all documents memorializing such communications, between Ironforge and Paychex since the time of enrollment in November 2004 until June 2007.

3.    All documents memorializing Plaintiffs' enrollment in Paychex service, including but not limited to, Plaintiffs' Service Agreements.

4.    All documents evidencing Plaintiff Ironforge's payment of fees to Paychex during Ironforge's time of enrollment.

5.    All documents evidencing Plaintiff Road Service's payment of fees to Paychex during Road Service's time of enrollment.

6. All documents evidencing Plaintiff Handyman's payment of fees to Paychex during Handyman's time of enrollment.

7. All documents evidencing processing fees Paychex charged Plaintiff Ironforge.

8. All documents evidencing processing fees Paychex charged Plaintiff Road Service.

9. All documents evidencing processing fees Paychex charged Plaintiff Handyman.

10. All documents evidencing any transfer of funds made by Paychex from Plaintiff Road Service's Company-Client account to Road Service's 401(k) service provider account.

11. All documents Paychex salespersons are trained or instructed to use during sales pitches to potential customers.

12. All documents relating to or pertaining to all fees received by Paychex from Plaintiffs' or from Plaintiffs' Company-Client bank accounts.

13. All documents relating to or pertaining to Paychex's policies on Company-Client fee charges for Company-Clients who have entered a Service Agreement.

14. All communications and all documents memorializing such communications, between Plaintiffs' and Paychex's customer service representatives or employees.

15. All documents relating to or pertaining to interest received by Paychex on money being held for Company-Clients for the purpose of payroll or tax services during the Class Period, broken down by quarter.

16. All documents relating to Company-Client complaints, including but not limited to, documents identifies in the Plaintiff's Requests for Admission.

Dated:  New York, New York
        February 11, 2011

Respectfully submitted,

John G. Balestriere
**BALESTRIERE FARIELLO**
225 Broadway, Suite 2900
New York, NY 10007
Telephone: (212) 374-5401
Facsimile: (212) 208-2613
john.balestriere@balestriere.net
*Attorney for Plaintiffs*

# Exhibit B

John G. Balestriere
**BALESTRIERE FARIELLO**
225 Broadway, Suite 2900
New York, NY 10007
Telephone: (212) 374-5401
Facsimile: (212) 208-2613
john.balestriere@balestriere.net
*Attorney for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **IRONFORGE.COM, et al.,** individually and for all others similarly situated, | Civil Action No.: 09-cv-06264-DGL-MWP |
| Plaintiffs, | **PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT PAYCHEX** |
| - against - | |
| **PAYCHEX, INC.,** | |
| Defendant. | |

## PLAINTIFFS' FIRST SET OF INTERROGATORIES TO PAYCHEX, INC.

Pursuant to Rules 26, 33 and 34 of Federal Rules of Civil Procedure, Plaintiff hereby requests that Defendant serve upon the undersigned sworn written answers to each of the interrogatories set forth below within thirty days after service hereof.

These interrogatories are continuing. If at any times after service of answers hereto, and prior to the trial of this action, Defendant obtains or becomes aware of additional information pertaining to any of these interrogatories, the disclosure of which may be required pursuant to Rule 26 (3) of the Federal Rules, defendants shall, within thirty days, serve upon the

undersigned supplemental sworn written answers setting forth such additional information.

## <u>INSTRUCTIONS</u>

1. If the answer to all or any part of an interrogatory is not presently known or available, include a statement to that effect, and furnish any information currently known or available and a description of the source of information that was once known or available that could have been used to respond to the interrogatory.

2. If any information called for by an interrogatory is withheld by reason of a claim of privilege, state with specificity the information as required by Federal Rule of Civil Procedure 33.

3. These interrogatories are continuing. If at any time after service of answers hereto, and prior to the trial of this action, Defendant obtains or becomes aware of additional information pertaining to any of these interrogatories, the disclosure of which may be required pursuant to Rule 26(e) of the Federal Rules of Civil Procedures, Defendant shall, within thirty days, and in no event later than five days before trial, serve upon the undersigned supplemental sworn written answers setting forth such additional information.

## <u>DEFINITIONS</u>

In addition to the definitions contained in Rule 26.3 of the Local Civil Rules, the following definitions and instructions shall apply to each of the Interrogatories:

1. "401(k) service" means the retirement plan as delineated in Internal Revenue Code section 401, paragraph. As part of the 401(k) plan, a separate account is established for an employee and a part of an employee's pay is contributed to the 401(k) retirement plan.

2. "Class Period" means the relevant timeframe in this matter, starting in or around March 2003 until the present.

3. "Company-Client" means any company or client who had any type of service agreement with Paychex.

4. "Company-Client bank" refers to a financial institution that provides specific products, services, and business needs to a Company-Client.

5. "Company-Client bank account" means a financial account with a Company-Client bank that conducts all, or some, of the Company-Client's business transactions.

8. "Complaint Process" or "Customer Service Protocol" the process or company policy whereby a customer can make a complaint about his/her satisfaction with a product or service.

6. "Customer Service" means a type of service provided before, during, and after a purchase by a company or business, through a representative or automated means, to their customers with the general objective to enhance customer satisfaction of a product or service.

7. "Defendant" means Paychex, Inc.

8. "Dispute" means the current action pending between Plaintiffs and Defendant, *Ironforge.com v. Paychex, Inc.*, No. 6:09-cv-06264-DGL-MWP.

9. The term "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rules of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

10. "Employed" means the state of having employment, in which one person offers service under contract of hire.

11. "Employee" means a person who is hired by an employer to perform a specific type of work.

12. "Enrolled" or "Enrollment" means the process of initiating a type of service with a company or business.

13. The term "Fee" means any monies withdrawn from Company-Clients' bank accounts, or any charges to Company-Clients, for services performed by Paychex, either disclosed or undisclosed, and either authorized or unauthorized.

14. The term "Handyman" refers to Handyman Solutions d/b/a Mr. Handyman of Eastern Monroe County, Inc. in Monroe County, NY. Kathryn Miller is president and managing owner of Handyman Solutions.

15.     The term "Identify" when referring to documents, means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

16.     "Identify", when referring to a person, means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.

17.     "Ironforge" means Ironforge.com and its owner Richard Bergin. Ironforge's location of business is Los Angeles, California.

18.     "Matter" means any civil, criminal, agency, regulatory, or self-regulatory action, and includes litigation, investigations, mediations, negotiations, arbitrations, and any other means to resolve or address an actual or potential dispute.

19.     The term "Paychex" means Paychex, Inc., whose headquarters is located in Rochester, NY.

20.     The term "person" is defined as any natural person or any business, legal or governmental entity.

21.     "Physical evidence" means any physical object, intended to prove a fact in issue based on its demonstrable physical characteristics or in other words any tangible evidence of a service, including everything which can be seen, touched, smelt, and heard.

22.     "Plaintiffs" mean Ironforge.com, Road Service, Inc., and Handyman Solutions d/b/a Mr. Handyman of Eastern Monroe County, Inc.

23.     The terms "Plaintiff" and "Defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.

24.     The term "Road Service" refers to Road Service, Inc., located in Rochester, NY, and its owner Rikk Foringer.

25.     The term "Service Agreement" refers to the agreement between Paychex and a Company-Client, whereby Company-Client employs Paychex to provide specified services that the Company-Client acknowledges under the provision to pay the agreed upon fees.

26.     "Withdrawal" means the removal of money from a bank account or financial institution.

27.     "Unauthorized" means without explicit permission from the person or people in authority.

## INTERROGATORIES

1.     Identify the person or persons answering these interrogatories or who provided any information to Defendant in answering these interrogatories.

2.     Identify the nature of the Service Agreement between Ironforge and Paychex, Road Service and Paychex, and Handyman and Paychex.

3.      Identify the number of Company-clients who enrolled with Paychex during the Class Period, separated and identified by quarter year.

4.      Identify the current number of Company-Clients enrolled in the Paychex Service Agreements.

5.      Identify the revenue generated by Paychex from the payment of fees by Company-Clients in (i) 2003, (ii) 2004, (iii) 2005, (iv) 2006, and (v) 2007.

6.      Identify any and all persons who spoke with Richard Bergin of Ironforge regarding withdrawals from his bank account by Paychex.

7.      Identify any and all persons employed by Paychex who are familiar with any and all fees charged by Paychex to its Company-Clients, and the basis, justification, or reasons therefore.

8.      Identify any and all persons employed by Paychex who are familiar with Paychex's policies and procedures on withdrawals from Company-Clients' bank accounts.

9.      Identify the Paychex branch managers for the branches where Plaintiffs are located.

10.      Identify the process or the customer service protocol in place to address, remedy, or resolve customer complaints relating to withdrawals from Company-Client's bank accounts or charges to Company-Clients by Paychex.

11.      Identify the types and respective amounts of processing fees incurred by Plaintiffs during their period of enrollment with Paychex.

12. Identify any 401K services provided and corresponding fees charged to Plaintiffs during their respective period of enrollment with Paychex.

13. Identify the Mid-Atlantic Trustee Fee for 401K accounts and the percentage charged on customers or Plaintiffs contributions.

14. Identify all affiliated with Paychex who communicated with Plaintiffs regarding Paychex's services.


Dated: New York, New York
Feburary 11, 2011

Respectfully submitted,

John G. Balestriere
**BALESTRIERE FARIELLO**
225 Broadway, Suite 2900
New York, NY 10007
Telephone: (212) 374-5401
Facsimile: (212) 208-2613
john.balestriere@balestriere.net
*Attorney for Plaintiffs*

# Exhibit C

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

IRONFORGE.COM, et al., individually
and for all others similarly situated,

               Plaintiffs,              C.A. No.: 6:09-cv-06264-DGL

    v.

PAYCHEX, INC.,

               Defendant.

---

## DEFENDANT'S RESPONSES TO
## PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION

Defendant Paychex, Inc. ("Paychex"), by and through its attorneys, Harris Beach PLLC, hereby responds and objects to the First Requests for Production of Plaintiffs Ironforge.com ("Ironforge"), Road Service, Inc. ("Road Service"), and Handy Man Solutions d/b/a Mr. Handyman of Eastern Monroe County, Inc. ("Handyman", together with Ironforge and Road Service, "Plaintiffs").

## **GENERAL OBJECTIONS**

Paychex objects to each and every Request contained in Plaintiffs' First Requests for Production on the grounds that they are vague, overbroad, unduly burdensome and/or ambiguous, and thus are not relevant to the subject matter and issues in this case, nor reasonably calculated to lead to the discovery of admissible evidence.

Paychex objects to each and every Request contained in Plaintiffs' First Requests for Production to the extent that any Request seeks information and/or things that are already in the possession and/or knowledge of one or more of the Plaintiffs.

Paychex further objects to each and every Request contained in Plaintiffs' First Requests for Production to the extent any such Request seeks information beyond the scope of permissible discovery.

Paychex further objects to each and every Request contained in Plaintiffs' First Requests for Production to the extent that any such Request seeks information and/or things not in the possession, care, custody or control of Paychex.

Paychex further objects to each and every Request contained in Plaintiffs' First Requests for Production to the extent that it purports to seek information protected from disclosure by the attorney-client privilege, the work-product doctrine and/or any other privilege or immunity from discovery. Inadvertent disclosure of any such information shall not constitute a waiver of any privilege or any other ground for objection to discovery with respect to such information or any other information, nor shall such inadvertent disclosure waive the right of Paychex to object to the use of any such information in any proceeding.

Paychex further objects to each and every Request contained in Plaintiffs' First Requests for Production to the extent that it seeks to compel Paychex to furnish information that is not relevant or material to the issues or subject matter involved in the pending proceeding or reasonably calculated to lead to the discovery of admissible evidence.

Paychex further objects to each and every Request contained in Plaintiffs' First Requests for Production to the extent that it seeks information and/or things that contain confidential or proprietary information.

The objections stated herein are directed to each of the Requests that follow. The assertion of the same, similar or additional objections in Paychex's specific objections to any

individual Request, or the failure to assert any additional objection to any of the Requests, is not a waiver of any of Paychex's objections set forth in this section or the following sections.

## RESPONSES

**REQUEST NO. 1:**

**All documents, communications, or documents of communications, relating to any of the interrogatories contained in Plaintiffs' First Set of Interrogatories.**

**RESPONSE:**

Paychex objects to this Request to the extent that it is overly broad, vague and unduly burdensome. Paychex further objects to this Request to the extent that it seeks information that is subject to attorney-client privilege and information that is beyond the scope of permissible discovery. Notwithstanding the foregoing or general objections, non-privileged documents responsive to this request will be produced.

**REQUEST NO. 2:**

**All communications and all documents memorializing such communications, between Ironforge and Paychex since the time of enrollment in November 2004 until June 2007.**

**RESPONSE:**

Notwithstanding the general objections, non-privileged documents responsive to this request will be produced.

**REQUEST NO. 3:**

**All documents memorializing Plaintiffs' enrollment in Paychex service, including but not limited to, Plaintiffs' Service Agreements.**

**RESPONSE:**

Notwithstanding the general objections, non-privileged documents responsive to this request will be produced.

**REQUEST NO. 4:**

All documents evidencing Plaintiff Ironforge's payment of fees to Paychex during Ironforge's time of enrollment.

**RESPONSE:**

Notwithstanding the general objections, non-privileged documents responsive to this request will be produced.

**REQUEST NO. 5:**

All documents evidencing Plaintiff Road Service's payment of fees to Paychex during Road Service's time of enrollment.

**RESPONSE:**

Notwithstanding the general objections, non-privileged documents responsive to this request will be produced.

**REQUEST NO. 6:**

All documents evidencing Plaintiff Handyman's payment of fees to Paychex during Handyman's time of enrollment.

**RESPONSE:**

Notwithstanding the general objections, non-privileged documents responsive to this request will be produced.

**REQUEST NO. 7:**

All documents evidencing processing fees Paychex charged Plaintiff Ironforge.

**RESPONSE:**

Notwithstanding the general objections, non-privileged documents responsive to this request will be produced.

**REQUEST NO. 8:**

All documents evidencing processing fees Paychex charged Plaintiff Road Service.

**RESPONSE:**

Notwithstanding the general objections, non-privileged documents responsive to this request will be produced.

**REQUEST NO. 9:**

All documents evidencing processing fees Paychex charged Plaintiff Handyman.

**RESPONSE:**

Notwithstanding the general objections, non-privileged documents responsive to this request will be produced.

**REQUEST NO. 10:**

All documents evidencing any transfer of funds made by Paychex from Plaintiff Road Service's Company-Client account to Road Service's 401(k) service provider account.

**RESPONSE:**

Notwithstanding the general objections, non-privileged documents responsive to this request will be produced.

**REQUEST NO. 11:**

All documents Paychex salespersons are trained or instructed to use during sales pitches to potential customers.

**RESPONSE:**

Paychex objects to this Request because it is overly broad, vague and unduly burdensome. Paychex further objects on the grounds that this Request seeks information that is confidential or proprietary and information that is not relevant or material to the issues or subject matter involved in the pending proceeding and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 12:**

All documents relating to or pertaining to fees received by Paychex from Plaintiffs' or from Plaintiffs' Company-Client bank accounts.

**RESPONSE:**

Paychex objects to this Request to the extent it is overly broad, vague and unduly burdensome. Paychex further objects to this Request to the extent it seeks information that is already in the possession and/or knowledge of one or more of the Plaintiffs. Notwithstanding the foregoing and general objections, documents responsive to this request will be produced..

**REQUEST NO. 13:**

All documents relating or pertaining to Paychex's policies on Company-Client fee charges for Company-Clients who have entered a Service Agreement.

**RESPONSE:**

Paychex objects to this Request because it is overly broad, vague and unduly burdensome. Paychex further objects on the grounds that this Request seeks information that is confidential or proprietary and information that is not relevant or material to the issues or subject matter involved in the pending proceeding and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 14:**

All communications and all documents memorializing such communications, between Plaintiffs and Paychex's customer service representatives or employees.

**RESPONSE:**

Paychex objects to this Request because it is ambiguous, overly broad, vague and unduly burdensome. Paychex further objects on the grounds that this Request seeks information that is confidential or proprietary and information that is not relevant or material to the issues or subject matter involved in the pending proceeding and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 15:**

All documents relating to or pertaining to interest received by Paychex on money being held for Company-Clients for the purpose of payroll or tax services during the Class Period, broken down by quarter.

**RESPONSE:**

Paychex objects to this Request because it is ambiguous, overly broad, vague and unduly burdensome. Paychex further objects on the grounds that this Request seeks information that is confidential or proprietary and information that is not relevant or material to the issues or subject matter involved in the pending proceeding and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 16:**

All documents relating to Company-Client complaints, including but not limited to, documents identified in the Plaintiffs' Requests for Admission.

**RESPONSE:**

Paychex objects to this Request because it is ambiguous, overly broad, vague and unduly burdensome. Paychex further objects on the grounds that this Request seeks information that is not relevant or material to the issues or subject matter involved in the pending proceeding and not reasonably calculated to lead to the discovery of admissible evidence.

Dated: March 31, 2011
      Pittsford, New York

<div style="margin-left:40%">

Respectfully submitted,

Paul J. Yesawich, III
pyesawich@harrisbeach.com
Laura W. Smalley
lsmalley@harrisbeach.com
Svetlana K. Ivy
sivy@harrisbeach.com
HARRIS BEACH PLLC
*Attorneys for Defendant Paychex, Inc.*
99 Garnsey Road
Pittsford, New York 14534
(585) 419-8800

</div>

# Exhibit D

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

IRONFORGE.COM, et al., individually
and for all others similarly situated,

          Plaintiffs,                 C.A. No.: 6:09-cv-06264-DGL

v.

PAYCHEX, INC.,
          Defendant.

_____

## DEFENDANT'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES.

Paychex, Inc. ("Paychex"), by and through its attorneys, Harris Beach PLLC, hereby responds and objects to Plaintiffs Ironforge.com ("Ironforge"), Road Service, Inc. ("Road Service"), and Handy Man Solutions d/b/a Mr. Handyman of Eastern Monroe County, Inc.'s ("Handyman", together with Ironforge and Road Service, "Plaintiffs") First Set of Interrogatories. Nothing in these responses shall be construed as a waiver of any rights or objections that are otherwise available to Paychex.

### GENERAL OBJECTIONS

1.    Paychex objects to Plaintiffs' interrogatories to the extent that they request information subject to the attorney-client, work product or any other recognized privilege against disclosure.

2.    Paychex objects to Plaintiffs' interrogatories to the extent that they request information that is unreasonably cumulative, duplicative or obtainable from some other source that is more convenient, less burdensome or less expensive.

3.     Paychex objects to Plaintiffs' interrogatories to the extent that they request information that is already known to Plaintiffs or otherwise available to Plaintiffs from documents in its own files or from public records.

4.     Paychex objects to Plaintiffs' interrogatories to the extent that they call for a legal conclusion.

5.     Paychex objects to Plaintiffs' interrogatories to the extent that they request confidential business information with no evidentiary significance.

6.     Paychex objects to those interrogatories which solicit identification (and production) of documents which are not relevant to the subject matter of this civil action and/or not likely to lead to the discovery of admissible evidence.

7.     Paychex objects to those interrogatories that seek information beyond the scope of permissible discovery.

8.     Paychex objects to each and every definition, instruction and interrogatory to the extent that it purports to impose discovery obligations beyond those permitted by the Federal Rules of Civil Procedure and the Local Rules of the Western District of New York.

9.     To the extent Paychex adopts any term or definition presented by Plaintiffs, they are adopted solely for convenience in responding to these interrogatories, and Paychex does not accept any terms or definitions or concede that any of them are appropriate, descriptive or accurate.

10.     Paychex reserves the right to amend or supplement its answers by virtue of obtaining additional information or otherwise as permitted by the Federal Rules of Civil Procedure.

11.    The objections stated herein are directed to each of the Interrogatories that follow. The assertion of the same, similar or additional objections in Paychex's specific objections to any individual Interrogatory, or the failure to assert any additional objection to any of the Interrogatories, is not a waiver of any of Paychex's objections set forth in this section or the following sections.

## RESPONSES

### INTERROGATORY NO. 1

Identify the person or persons answering these interrogatories or who provided any information to Defendant in answering these interrogatories.

### RESPONSE:

**In the course of answering these interrogatories, information was provided by Brian Madrazo, Debi Wood, Richard Willis, Pam Kimmel and Jared Collins.**

### INTERROGATORY NO. 2

Identify the nature of the Service Agreement between Ironforge and Paychex, Road Service and Paychex, and Handyman and Paychex.

### RESPONSE:

**Without waiving the foregoing objections, all service agreements between Ironforge and Paychex, Road Service and Paychex and Handyman and Paychex, from which the response to this interrogatory may be ascertained, will be produced.**

## INTERROGATORY NO. 3

Identify the number of Company-clients who enrolled with Paychex during the Class Period, separated and identified by quarter year.

**RESPONSE:**

**Paychex objects to this interrogatory as it requests confidential business information not relevant to the subject matter of this civil action and not likely to lead to the discovery of admissible evidence. Paychex further objects that this Interrogatory seeks information beyond the scope of permissible discovery as this lawsuit does not currently involve any Company-Clients of Paychex besides Ironforge, Road Service and Handyman.**

## INTERROGATORY NO. 4

Identify the current number of Company-Clients enrolled in the Paychex Service Agreements.

**RESPONSE:**

**Paychex objects to this interrogatory as it requests confidential business information not relevant to the subject matter of this civil action and not likely to lead to the discovery of admissible evidence. Paychex further objects that this Interrogatory seeks information beyond the scope of permissible discovery as this lawsuit does not currently involve any Company-Clients of Paychex besides Ironforge, Road Service and Handyman.**

## INTERROGATORY NO. 5

Identify the revenue generated by Paychex from the payment of fees by Company-Clients in (i) 2003), (ii) 2004, (iii) 2005, (iv) 2006, and (v) 2007.

**RESPONSE:**

**Paychex objects to this interrogatory as it requests information not relevant to the subject matter of this civil action and not likely to lead to the discovery of admissible evidence. Paychex further objects that this Interrogatory seeks information beyond the scope of permissible discovery as this lawsuit does not currently involve any Company-Clients of Paychex besides Ironforge, Road Service and Handyman.**

## INTERROGATORY NO. 6

Identify any and all persons who spoke with Richard Bergin of Ironforge regarding withdrawals from his bank account by Paychex.

**RESPONSE:**

**Without waiving the foregoing objections, Paychex has records or is aware that the following people spoke with Richard Bergin of Ironforge regarding withdrawals from his bank account by Paychex: James Boulton and Debi Wood.**

## INTERROGATORY NO. 7

Identify any and all persons employed by Paychex who are familiar with any and all fees charged by Paychex to its Company-Clients, and the basis, justification, or reasons therefore.

**RESPONSE:**

**Paychex objects to this interrogatory as it is overbroad and requests information not relevant to the subject matter of this civil action and not likely to lead to the discovery of admissible evidence. Paychex further objects that this Interrogatory seeks information**

beyond the scope of permissible discovery as this lawsuit does not currently involve any Company-Clients of Paychex besides Ironforge, Road Service and Handyman. Without waiving any the foregoing objections, Jared Collins is familiar with branch fees charged to Road Service and Handyman, Debi Wood is familiar with fees charged to Ironforge, and Pam Kimmel is familiar with fees charged to Road Service in connection with the 401K services.

## INTERROGATORY NO. 8

Identify any and all persons employed by Paychex who are familiar with Paychex's policies and procedures on withdrawals from Company-Clients' bank accounts.

**RESPONSE:**

Paychex objects to this interrogatory as it is overbroad and requests information not relevant to the subject matter of this civil action and not likely to lead to the discovery of admissible evidence. Paychex further objects that this Interrogatory seeks information beyond the scope of permissible discovery as this lawsuit does not currently involve any Company-Clients of Paychex besides Ironforge, Road Service and Handyman.

## INTERROGATORY NO. 9

Identify the Paychex branch managers for the branches where Plaintiffs are located.

**RESPONSE:**

Without waiving the foregoing objections, the following persons served as branch managers for the branches where Plaintiffs are located during the respective time periods that the Plaintiffs were enrolled in Paychex's services: Debi Wood (Los Angeles – Ironforge) and James Coddington (Rochester – Handyman and Road Service).

## INTERROGATORY NO. 10

Identify the process or the customer service protocol in place to address, remedy, or resolve customer complaints relating to withdrawals from Company-Client's bank accounts or charges to Company-Clients by Paychex.

**RESPONSE:**

**Paychex objects to this interrogatory as it requests confidential business information not relevant to the subject matter of this civil action and not likely to lead to the discovery of admissible evidence. Paychex further objects that this Interrogatory seeks information beyond the scope of permissible discovery as this lawsuit does not currently involve any Company-Clients of Paychex besides Ironforge, Road Service and Handyman.**

## INTERROGATORY NO. 11

Identify the types and respective amounts of processing fees incurred by Plaintiffs during their period of enrollment with Paychex.

**RESPONSE:**

**Without waiving the foregoing objections, all invoices, reports and other documents relating to the types and respective amounts of processing fees incurred by Ironforge, Road Service and Handyman during their enrollment with Paychex, from which the response to this interrogatory may be ascertained, will be produced.**

## INTERROGATORY NO. 12

Identify any 401K services provided and corresponding fees charged to Plaintiffs during their respective period of enrollment with Paychex.

**RESPONSE:**

**Without waiving the foregoing objections, the Retirement Services Agreement executed by Road Service and Paychex on June 15, 2006, and all invoices, reports and other documents relating to 401K services Paychex provided to Road Service and corresponding fees charged to Road Service during its enrollment with Paychex, from which the response to this interrogatory may be ascertained, will be produced. Paychex did not provide any 401K services to Ironforge or Handyman.**

## INTERROGATORY NO. 13

Identify the Mid-Atlantic Trustee Fee for 401K accounts and the percentage charged on customers or Plaintiffs contributions.

**RESPONSE:**

**Paychex objects to this interrogatory as it requests confidential business information not relevant to the subject matter of this civil action and not likely to lead to the discovery of admissible evidence. Paychex further objects that this interrogatory seeks information beyond the scope of permissible discovery as this lawsuit does not currently involve any customers of Paychex besides Ironforge, Road Service and Handyman. Of the Plaintiffs, only Road Service received retirement services from Paychex. Road Service did not elect to receive services from Mid-Atlantic Trust and therefore did not incur the Mid-Atlantic's third party trust fee.**

## INTERROGATORY NO. 14

Identify all affiliated with Paychex who communicated with Plaintiffs regarding Paychex's services.

**RESPONSE:**

Paychex objects to this interrogatory as overbroad and seeking information that is already known to Plaintiffs or otherwise available to Plaintiffs from documents in its own files. Nevertheless, call logs, e-mails and other documents within Paychex's possession, custody or control relating to Plaintiffs' communications with Paychex regarding services, from which the response to this interrogatory may be ascertained, will be produced.

Dated: March 31, 2011
      Pittsford, New York

                                  Respectfully submitted,

                                    Paul J. Yesawich, III
                                    pyesawich@harrisbeach.com
                                    Laura W. Smalley
                                    lsmalley@harrisbeach.com
                                    Svetlana K. Ivy
                                    sivy@harrisbeach.com
                                    HARRIS BEACH PLLC
                                    *Attorneys for Defendant Paychex, Inc.*
                                    99 Garnsey Road
                                    Pittsford, New York 14534
                                    (585) 419-8800

# Exhibit E

John G. Balestriere
**BALESTRIERE FARIELLO**
225 Broadway, Suite 2900
New York, NY 10007
Telephone: (212) 374-5401
Facsimile: (212) 208-2613
john.balestriere@balestriere.net
*Attorney for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| **HANDYMAN SOLUTIONS d/b/a MR. HANDYMAN OF EASTERN MONROE COUNTY, INC., IRONFORGE.COM**, and, **ROAD SERVICE, INC.**, individually, and for all others similarly situated,<br><br>            Plaintiffs,<br>      - against -<br><br>**PAYCHEX, INC.,**<br>                  Defendant. | Index No.: 09-cv-06264-DGL-MWP<br><br>**PLAINTIFFS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS** |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Local Rule 26 of this Court, Plaintiffs Ironforge.com ("Ironforge"), Road service, Inc. ("Road Service"), Handy Man Solutions d/b/a Mr. Handyman of Eastern Monroe County, Inc. ("Handyman", together with Ironforge and Road Service, "Plaintiffs") hereby request that Defendant Paychex, Inc., ("Defendant" or "Paychex"), produce for Plaintiffs' inspection and copy the documents described below within **thirty days** after service hereof. Inspection shall take place at the office of Balestriere Fariello, 225 Broadway, Suite 2900, New York, NY 10007.

# DEFINITIONS

In addition to the definitions listed below, Plaintiffs incorporate the Uniform Definitions in Discovery Requests pursuant to Local Civil Rule 26.3 in full:

1. 401(k) service" means the retirement plan as delineated in Internal Revenue Code section 401. As part of the 401(k) plan, a separate account is established for an employee and a part of an employee's pay is contributed to the 401(k) retirement plan.

2. "Allegedly undisclosed fees" refers to those fees which Plaintiffs allege in the First Amended Complaint ("FAC") which were not adequately disclosed to Plaintiffs or any Company-Clients of Paychex.

3. "Allegedly undisclosed increases in fees" refers to those increases in fees which Plaintiffs allege in the FAC were not adequately disclosed to Plaintiffs or any Company-Clients of Paychex.

4. "Class Period" means the relevant time frame in this matter, starting in or around March 2003 until the present.

5. "Company-Client" means any company or client who had signed a written service agreement with Paychex and enrolled in Paychex's electronic payroll services as the term "electronic payroll services" is defined in Defendant's Motion to transfer venue of action to Western District of New York ("Motion") (Motion, 5:22-25).

6.  "Company-Client bank" refers to a financial institution that provides specific products, services, and business needs to a Company-Client.

7.  "Company-Client bank account" means a financial account with a Company-Client bank that conducts all, or some, of the Company-Client's business transactions.

8.  "Complaint Process" or "Customer Service Protocol" the process or company policy whereby a Company-Client can make a complaint about his/her satisfaction with Paychex's service.

9.  "Customer Service" means a type of service provided before, during, and after a purchase by Paychex, through a representative or automated means, to their Company-Client with the general objective to enhance customer satisfaction of a product or service.

10. "Defendant" means Paychex, Inc.

11. "Dispute" means the current action pending between Plaintiffs and Defendant, *Ironforge.com v. Paychex, Inc.,* No. 6:09-cv-06264-DGL-MWP.

12. The term "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rules of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations, and data, video, or audio recordings. A draft or non-identical copy is a separate document within the meaning of this term.

13. "Employed" means the state of having employment, in which one person offers service under contract of hire.

14. "Employee" means a person who is hired by an employer to perform a specific type of work.

15. "Enrolled" or "Enrollment" means the process of initiating a type of service with a company or business.

16. The term "Fee" means any monies withdrawn from Company-Clients' bank accounts, or any charges to Company-Clients to pay Paychex for electronic payroll services performed by Paychex, regardless of whether disclosed or undisclosed, and regardless of whether such fees were authorized or unauthorized.

17. The term "Handyman" refers to Handyman Solutions d/b/a Mr. Handyman of Eastern Monroe County, Inc. in Monroe County, NY. Kathryn Miller is president and managing owner of Handyman Solutions.

18. The term "Identify" when referring to documents, means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

19. The term "identify", when referring to a person, means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.

20. "Ironforge" means Ironforge.com and its owner Richard Bergin. Ironforge's location of business is Los Angeles, California.

21.    "Matter" means any civil, criminal, agency, regulatory, or self-regulatory action, and includes litigation, investigations, mediations, negotiations, arbitrations, and any other means to resolve or address an actual or potential dispute.

22.    The term "Paychex" means Paychex, Inc., whose headquarters is located in Rochester, NY.

23.    The term "person" is defined as any natural person or any business, legal, or governmental entity.

24.    "Physical evidence" means any physical object, intended to prove a fact in issue based on its demonstrable physical characteristics or in other words any tangible evidence of a service, including everything which can be seen, touched, smelt and heard.

25.    "Plaintiffs" mean Ironforge.com, Road Service, Inc., and Handyman Solutions d/b/a Mr. Handyman of Eastern Monroe County, Inc.

26.    The terms "Plaintiff" and "Defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.

27.    "Road Service" refers to Road Service, Inc., located in Rochester, NY, and its owner Rikk Foringer.

28.    The term "Service Agreement" refers to the agreement between Paychex and a Company-Client, whereby Company-Client employs Paychex to

provide specified services that the Company-Client acknowledges under the provision to pay the agreed upon fees.

29. "Withdrawal" means the removal of money from a bank account or financial institution.

30. "Unauthorized" means without explicit permission from the person or people in authority.

## INSTRUCTIONS

1. Whenever a request calls for information which is not available to you in the form requested, but is available in another form or can be obtained, at least in part, from other data in your possession, so state and either supply the information requested in the form in which it is available or supply the data from which the information requested can be obtained.

2. The time frame of this Request, unless otherwise indicated or agreed to by the parties is the Class Period as defined above.

3. This Request is continuing in nature. The Defendant answering this Request must supplement its responses to this Request, and when additional responsive documents become known or available to Defendant prior to trial.

4. Defendant shall produce all documents in his possession, custody or control, including documents in the possession of those purporting to act or to have acted on behalf of Defendant or those who may have obtained

information for or on behalf of Defendant regarding the subject matter of this case.

5.    Each and every document request shall be construed independently. No request shall be construed by reference to any other request if the result is a limitation of the scope of the response to such a request.

6.    If Defendant objects to any request, or any part thereof, Defendant must state with specificity all grounds for objecting and respond to the request to the extent that Defendant does not object.

7.    Each document request shall be set forth separately and shall be accorded a separate response. Each response shall first set forth verbatim the document request to which it is responsive, followed by Defendant's response.

8.    Documents produced shall be numbered using a Bates numbering system.

9.    No part of a document request shall be left unanswered merely because an objection is interposed to another part of the document request.

10.    If Defendant is unable to answer any document request, the reasons for Defendant's inability to answer shall be separately stated in detail for each document request.

11.    Reference to any entity includes each of its officials, officers, directors, employees, agents, attorneys, or other persons acting or purporting to act on behalf of the foregoing, whether currently or formerly employed or retained in these capacities.

12.  If any document, or any portion of any document, is withheld under claim of attorney-client privilege or upon any other ground, the respondent withholding the document shall furnish a list, signed by the person supervising the response to this request, identifying each document withheld and stating with respect to each:

   a.  The date and number of pages of the document and the identities of its author, addressee, and each person to whom copies were sent or were to be sent;

   b.  the subject matter of the document;

   c.  the identity of each person to whom the document, its contents, or any portion thereof is known or has been disclosed;

   d.  if the document is withheld on the grounds of attorney-client privilege;

      (i)   each basis for such claim of privilege, and

      (ii)  identity of each person who was privy to any asserted privileged communication reflected in the document; and

   e.  if the document is withheld on any ground other than attorney-client privilege, each basis which respondent contends justifies its withholding the document.

## REQUESTS FOR DOCUMENT PRODUCTION

1.      All documents relating to all increases in fees charged to Company-Clients during the Class Period, including all documents relating to the reasons for the increases in such fees and all documents evidencing notice thereof, if any, given to affected Company-Clients.

2.      All documents reflecting customer inquiries, complaints, or other contacts concerning allegedly undisclosed fees or allegedly undisclosed increases in fees during the Class Period.

3.      All documents concerning the manner in which customer inquiries, complaints, or other contacts by Company-Clients concerning allegedly undisclosed fees or allegedly undisclosed increases in fees are handled by Paychex, including, but not limited to, customer service department manuals, memoranda, scripts, or other documents that reflect specific handling of specific rates or fees.

4.      All documents concerning the methods and criteria used by Paychex to determine and to impose new fees on Company-Clients.

5.      All documents concerning the methods and criteria used by Paychex to determine and impose increases in fee rates on Company-Clients.

6.      All documents concerning the manner in which fee rates are established.

7.     Documents or a summary of the necessary documents sufficient to identify every type of fee charged by Paychex to Company-Clients enrolled for electronic payroll services.

8.     Any documents which are examples or exemplars of notifications of each and every new fee or fee increase imposed on Company-Clients who enroll for electronic payroll services since the first date in the Class Period to present.

9.     All documents concerning the increases in revenues, or other revenue effects, anticipated to result from increases in fees for electronic payroll services during the Class Period.

10.    All the documents concerning the increases in revenues, or other revenue effects, as a result from increases in fees for electronic payroll services incurred during the Class Period

11.    All documents concerning Paychex's corporate decisions, concerning setting pricing and fees charged to Company-Clients, made by Paychex's "Key Employee Witnesses", as defined in Defendant's Motion (Motion, 9 – 12).

Date: April 1, 2011        By: _____
      New York, NY              John G. Balestriere
                                     **BALESTRIERE FARIELLO**
                                     225 Broadway, Suite 2900
                                     New York, NY 10007
                                     Telephone: (212) 374-5401
                                     Facsimile: (212) 208-2613
                                     john.balestriere@balestriere.net
                                     *Attorney for Plaintiffs*

# Exhibit F

John G. Balestriere
**BALESTRIERE FARIELLO**
225 Broadway, Suite 2900
New York, NY 10007
Telephone: (212) 374-5401
Facsimile: (212) 208-2613
john.balestriere@balestriere.net
*Attorney for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| **IRONFORGE.COM, et al.,** individually and for all others similarly situated, | Civil Action No.: 09-cv-06264-DGL-MWP |
| Plaintiffs, | **PLAINTIFFS' SECOND SET OF INTERROGATORIES TO DEFENDANT PAYCHEX** |
| - against - | |
| **PAYCHEX, INC.,** | |
| Defendant. | |

## PLAINTIFFS' SECOND SET OF INTERROGATORIES TO PAYCHEX, INC.

Pursuant to Rules 26, 33, and 34 of Federal Rules of Civil Procedure, Plaintiffs hereby request that Defendant serve upon the undersigned sworn written answers to each of the interrogatories set forth below within thirty days after service hereof.

These interrogatories are continuing. If at any times after service of answers hereto, and prior to the trial of this action, Defendant obtains or becomes aware of additional information pertaining to any of these interrogatories, the disclosure of which may be required pursuant to Rule 26 (3) of the Federal Rules, Defendant shall, within thirty days, serve upon the

undersigned supplemental sworn written answers setting forth such additional information.

## <u>INSTRUCTIONS</u>

1.      If the answer to all or any part of an interrogatory is not presently known or available, include a statement to that effect, and furnish any information currently known or available and a description of the source of information that was once known or available that could have been used to respond to the interrogatory.

2.      If any information called for by an interrogatory is withheld by reason of a claim of privilege, state with specificity the information as required by Federal Rule of Civil Procedure 33.

3.      These interrogatories are continuing.  If at any time after service of answers hereto, and prior to the trial of this action, Defendant obtains or becomes aware of additional information pertaining to any of these interrogatories, the disclosure of which may be required pursuant to Rule 26(e) of the Federal Rules of Civil Procedures, Defendant shall, within thirty days, and in no event later than five days before trial, serve upon the undersigned supplemental sworn written answers setting forth such additional information.

## <u>DEFINITIONS</u>

In addition to the definitions contained in Rule 26.3 of the Local Civil Rules, the following definitions and instructions shall apply to each of the interrogatories:

1.      "401(k) service" means the retirement plan as delineated in Internal Revenue Code section 401.   As part of the 401(k) plan, a separate account is established for an employee and a part of an employee's pay is contributed to the 401(k) retirement plan.

2.      "Allegedly undisclosed fees" refers to those fees which Plaintiffs allege in the First Amended Complaint ("FAC") which were not adequately disclosed to Plaintiffs or any Company-Clients of Paychex.

3.      "Allegedly undisclosed increases in fees" refers to those increases in fees which Plaintiffs allege in the FAC were not adequately disclosed to Plaintiffs or any Company-Clients of Paychex.

4.      "Class Period" means the relevant time frame in this matter, starting in or around March 2003 until the present.

5.      "Company-Client" means any company or client who had signed a written service agreement with Paychex and enrolled in Paychex's electronic payroll services as the term "electronic payroll services" is defined in Defendant's Motion to transfer venue of action to Western District of New York ("Motion") (Motion, 5:22-25).

6.       "Company-Client bank" refers to a financial institution that provides specific products, services, and business needs to a Company-Client.

7.      "Company-Client bank account" means a financial account with a Company-Client bank that conducts all, or some, of the Company-Client's business transactions.

8. "Complaint Process" or "Customer Service Protocol" the process or company policy whereby a Company-Client can make a complaint about his/her satisfaction with Paychex's service.

9. "Customer Service" means a type of service provided before, during, and after a purchase by Paychex, through a representative or automated means, to their Company-Client with the general objective to enhance customer satisfaction of a product or service.

10. "Defendant" means Paychex, Inc.

11. "Dispute" means the current action pending between Plaintiffs and Defendant, *Ironforge.com v. Paychex, Inc.,* No. 6:09-cv-06264-DGL-MWP.

12. The term "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rules of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations, and data, video, or audio recordings. A draft or non-identical copy is a separate document within the meaning of this term.

13. "Employed" means the state of having employment, in which one person offers service under contract of hire.

14. "Employee" means a person who is hired by an employer to perform a specific type of work.

15. "Enrolled" or "Enrollment" means the process of initiating a type of service with a company or business.

16.     The term "Fee" means any monies withdrawn from Company-Clients' bank accounts, or any charges to Company-Clients to pay Paychex for electronic payroll services performed by Paychex, regardless of whether disclosed or undisclosed, and regardless of whether such fees were authorized or unauthorized.

17.     The term "Handyman" refers to Handyman Solutions d/b/a Mr. Handyman of Eastern Monroe County, Inc. in Monroe County, NY.  Kathryn Miller is president and managing owner of Handyman Solutions.

18.     The term "Identify" when referring to documents, means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

19.     "Identify", when referring to a person, means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.

20.     "Ironforge" means Ironforge.com and its owner Richard Bergin. Ironforge's location of business is Los Angeles, California.

21.     "Matter" means any civil, criminal, agency, regulatory, or self-regulatory action, and includes litigation, investigations, mediations, negotiations, arbitrations, and any other means to resolve or address an actual or potential dispute.

22.     The term "Paychex" means Paychex, Inc., whose headquarters is located in Rochester, NY.

23.     The term "person" is defined as any natural person or any business, legal, or governmental entity.

24.     "Physical evidence" means any physical object, intended to prove a fact in issue based on its demonstrable physical characteristics or in other words any tangible evidence of a service, including everything which can be seen, touched, smelt and heard.

25.     "Plaintiffs" mean Ironforge.com, Road Service, Inc., and Handyman Solutions d/b/a Mr. Handyman of Eastern Monroe County, Inc.

26.     The terms "Plaintiff" and "Defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.

27.     "Road Service" refers to Road Service, Inc., located in Rochester, NY, and its owner Rikk Foringer.

28.     The term "Service Agreement" refers to the agreement between Paychex and a Company-Client, whereby Company-Client employs Paychex to provide specified services that the Company-Client acknowledges under the provision to pay the agreed upon fees.

29.     "Withdrawal" means the removal of money from a bank account or financial institution.

30. "Unauthorized" means without explicit permission from the person or people in authority.

## INTERROGATORIES

1. Identify every person who was responsible, associated with, or had knowledge of the decision by Paychex to increase fees to Company-Clients for electronic payroll services.

2. Identify every person who was responsible, associated with, or had knowledge of giving notification of new fees and/or fee increases to Company-Clients for electronic payroll services.

3. To the extent that Paychex has a uniform policy or procedure concerning the implementation of new fees, as defined, on existing Company-Clients, identify the steps taken by Paychex before it imposes a new fee, as defined, on an existing Company-Client. If Paychex does not have a uniform policy for all Company-Clients, identify the steps taken by Paychex before imposing new fees, as defined, on Plaintiffs.

4. To the extent that Paychex has a uniform policy or procedure concerning the implementation of an increase in fees for electronic payroll services on existing Company-Clients, identify the steps taken by Paychex before it imposes an increase in fees, as defined, on an existing Company-Client. If Paychex does not have a uniform policy for all Company-Clients, identify the steps taken by Paychex before imposing increases in fees, as defined, on Plaintiffs.

5.     Identify all persons responsible, associated with, or who had knowledge of in Paychex's corporate decisions made from its Rochester office which relate to (1) procedures for providing Company-Clients with electronic payroll services, (2) protocols for handling client complaints, and (3) setting pricing and fees for electronic payroll services to its Company-Clients.

6.     Describe the roles and responsibilities, specifically with regard to setting fees for electronic payroll services, for determining increases in fees, and disclosures regarding increases in fees for electronic payroll services, of each of the following "Key Employee Witnesses", as defined in Defendant's Motion (Motion, 9 – 12):

   a.   Davig Vogt
   b.   John Byrne
   c.   Rebecca Wagner
   d.   Michael Deats
   e.   Neil Rohrer
   f.   Joni McManus
   g.   Kimberly Kelly

Dated:    New York, New York        Respectfully submitted,
           April 1, 2011

By: _____

John G. Balestriere
**BALESTRIERE FARIELLO**
225 Broadway, Suite 2900
New York, NY 10007
Telephone: (212) 374-5401
Facsimile: (212) 208-2613
john.balestriere@balestriere.net
*Attorney for Plaintiffs*

# Exhibit G



**JOHN G. BALESTRIERE**
BALESTRIERE FARIELLO
225 Broadway, Suite 2900
New York, NY 10007
Phone: +1.212.374.5401
Cell:    +1.917.318.3844
Fax:    +1.212.208.2613
john.balestriere@balestriere.net
www.balestriere.net

April 15, 2011

**VIA U.S. MAIL AND EMAIL (lsmalley@harrisbeach.com)**
Laura Smalley, Esq.
Harris Beach PLLC
99 Garnsey Road
Pittford, NY 14534
Email: LSmalley@harrisbeach.com

> Re: <u>Ironforge.com, et al. v. Paychex, Inc.</u>
> <u>Index No. 6:09-cv-06264-DGL-MWP</u>

Dear Counsel:

I am in receipt of Defendant's Response to Plaintiffs' First Set of Interrogatories ("Interrogatories"), Plaintiffs' First Requests for Production of Documents ("Document Requests"), and Plaintiffs' First Requests for Admission ("Requests for Admission"). I write you now regarding to the same.

In responding to Plaintiffs' Document Requests, Interrogatories, and Requests for Admission, Defendant simply has not met its obligations under the Federal Rules of Civil Procedure. It is beyond dispute that "parties may obtain discovery regarding *any* matter, not privileged, which is relevant to the subject matter involved in the pending action ... " Fed. R. Civ. P. 26 (emphasis added). As a putative class action, Plaintiffs are entitled to discovery of the materials sought even to the extent they are not *directly* related to the named parties. Furthermore, the burden falls upon "the party resisting discovery to clarify and explain its objections and to provide support therefore." *Compagnie Francaise D'Assurance Pour Le Commerce Exterieur v. Phillips Petroleum Co.*, 105 F.R.D. 16, 43 (S.D.N.Y. 1984) (Internal citations omitted). Defendant has utterly failed to meet this burden.

Please be aware that we are willing to work with you in good faith to come to a mutually agreeable conclusion to this dispute, and to that end, we are willing to accept suggestions for limiting the outstanding demands. Therefore, if you have suggestions to limit the scope of any of the above in a way that does not materially affect what Plaintiffs are entitled to obtain, we are more than willing to entertain such suggestions. We do not intent to burden your clients, but we deserve class discovery.

Please either supplement your responses to the demands or provide workable



suggestions for limiting them, on or before April 22, 2011. If we do not receive a supplemental or other response by that date, we will have no choice but to seek relief from the Court.

Sincerely,

John G. Balestriere

cc:     Jessica Acosta (via email: jessica.acosta@balestriere.net)
        Brandon J. Page, Esq. (via email: brandon.page@balestriere.net)

# Exhibit H

**Subject:** Ironforge.com, et al. v. Paychex - Responses to Discovery Demands
**From:** Brandon Page <brandon.page@balestriere.net>
**Date:** Mon, 25 Apr 2011 14:58:30 -0400
**To:** "Laura W. Smalley" <Lsmalley@HarrisBeach.com>
**CC:** "Paul J. Yesawich" <pyesawich@HarrisBeach.com>, John Balestriere
<john.balestriere@balestriere.net>, Jessica Acosta <jessica.acosta@balestriere.net>

Laura:

I write to follow up on John Balestriere's letter of April 15, 2011, regarding Paychex's
responses to Plaintiffs' First Sets of Document Requests, Interrogatories, and Requests
for Admission. As the letter stated, we are willing to move to compel further disclosure
if necessary, however, we would like to avoid that if possible.  Please let us know if
you intend to supplement your responses or if you wish to further discuss our issues
with the production.

Best regards,
-Brandon

Brandon J. Page
BALESTRIERE FARIELLO
225 Broadway Suite 2900
New York, NY 10007
Direct +1-212-374-5404
Mobile +1-646-469-3678
Facsimile +1-212-208-2613
brandon.page@balestriere.net
www.balestriere.net

The information contained in this e-mail message is attorney-client privileged and/or
confidential information intended for the use of the named recipient only. You are
hereby notified that any dissemination, distribution, or copying of this communication
is prohibited. If you have received this communication in error, please immediately
notify the sender by replying to this e-mail or by calling us at 212-374-5400 and please
immediately delete this communication. Thank you.

# Exhibit I

**Subject:** RE: Ironforge.com, et al. v. Paychex - Responses to Discovery Demands
**From:** "Laura W. Smalley" <Lsmalley@HarrisBeach.com>
**Date:** Tue, 26 Apr 2011 00:18:34 -0400
**To:** <brandon.page@balestriere.net>
**CC:** "Paul J. Yesawich" <pyesawich@HarrisBeach.com>, "John Balestriere"
<john.balestriere@balestriere.net>, "Jessica Acosta" <jessica.acosta@balestriere.net>

I plan to follow up with correspondence tomorrow.


Laura W. Smalley
Partner

HARRIS BEACH PLLC
ATTORNEYS AT LAW
99 Garnsey Road
Pittsford, NY 14534
585.419.8736    Direct
585.419.8813    Fax
585.419.8800    Main
lsmalley@HarrisBeach.com

practice GREEN
Save a tree. Read, don't print, emails.
-----Original Message-----
From: Brandon Page [mailto:brandon.page@balestriere.net]
Sent: Monday, April 25, 2011 2:59 PM
To: Laura W. Smalley
Cc: Paul J. Yesawich; John Balestriere; Jessica Acosta
Subject: Ironforge.com, et al. v. Paychex - Responses to Discovery Demands

Laura:

I write to follow up on John Balestriere's letter of April 15, 2011,
regarding Paychex's responses to Plaintiffs' First Sets of Document
Requests, Interrogatories, and Requests for Admission. As the letter
stated, we are willing to move to compel further disclosure if
necessary, however, we would like to avoid that if possible.  Please let
us know if you intend to supplement your responses or if you wish to
further discuss our issues with the production.

Best regards,
-Brandon

Brandon J. Page
BALESTRIERE FARIELLO
225 Broadway Suite 2900
New York, NY 10007
Direct +1-212-374-5404
Mobile +1-646-469-3678
Facsimile +1-212-208-2613
brandon.page@balestriere.net
www.balestriere.net

The information contained in this e-mail message is attorney-client privileged and/or
confidential information intended for the use of the named recipient only. You are
hereby notified that any dissemination, distribution, or copying of this communication
is prohibited. If you have received this communication in error, please immediately
notify the sender by replying to this e-mail or by calling us at 212-374-5400 and
please immediately delete this communication. Thank you.

------------------------------------------------------------------------
STATEMENT OF CONFIDENTIALITY
This electronic message may contain privileged or confidential information. If you are
not the intended recipient of this e-mail, please delete it from your system and advise
the sender.
------------------------------------------------------------------------
In accordance with Internal Revenue Service Circular 230, we inform you that any
discussion of a federal tax issue contained in this communication (including any
attachments) is not intended or written to be used, and it cannot be used, by any
recipient for the purpose of (i) avoiding penalties that may be imposed on the
recipient under United States federal tax laws, or (ii) promoting, marketing or
recommending to another party any tax-related matters addressed herein.
------------------------------------------------------------------------

# Exhibit J

**Subject:** RE: Ironforge.com, et al. v. Paychex - Responses to Discovery Demands
**From:** "Laura W. Smalley" <Lsmalley@HarrisBeach.com>
**Date:** Tue, 26 Apr 2011 16:55:21 -0400
**To:** <brandon.page@balestriere.net>
**CC:** "Paul J. Yesawich" <pyesawich@HarrisBeach.com>, "John Balestriere" <john.balestriere@balestriere.net>, "Jessica Acosta" <jessica.acosta@balestriere.net>, "Lana K. Ivy" <sivy@HarrisBeach.com>

WITHOUT PREJUDICE

Brandon, this is in response to the letter from your office of April 15, 2011.   The correspondence did not identify particular requests or responses to interrogatories that you deem deficient.  To the extent that Paychex objected to certain document requests/interrogatories, it was not solely that because they information about the class rather than the named plaintiffs.  For example, Document Request No. 15 asks for all documents relating to interest received by Paychex being held for company clients.  That request, which I presume relates to the alleged "Skimming Fraud," has been dismissed.   Other requests are simply overbroad and burdensome.  For example, Request No. 16 requests all company client complaints, without being limited to a particular type of complaint or location.  This request is exceedingly overbroad and burdensome.  Complaints are not maintained in a centralized database.

To resolve these outstanding issues, please let me know what specific requests/responses you have issues with and how you propose to narrow your requests.

Thank you,


Laura W. Smalley
Partner

HARRIS BEACH PLLC
ATTORNEYS AT LAW
99 Garnsey Road
Pittsford, NY 14534
585.419.8736   Direct
585.419.8813   Fax
585.419.8800   Main
lsmalley@HarrisBeach.com

practice GREEN
Save a tree. Read, don't print, emails.
-----Original Message-----
From: Brandon Page [mailto:brandon.page@balestriere.net]
Sent: Monday, April 25, 2011 2:59 PM
To: Laura W. Smalley
Cc: Paul J. Yesawich; John Balestriere; Jessica Acosta
Subject: Ironforge.com, et al. v. Paychex - Responses to Discovery Demands

Laura:

I write to follow up on John Balestriere's letter of April 15, 2011, regarding Paychex's responses to Plaintiffs' First Sets of Document Requests, Interrogatories, and Requests for Admission. As the letter stated, we are willing to move to compel further disclosure if necessary, however, we would like to avoid that if possible.  Please let us know if you intend to supplement your responses or if you wish to further discuss our issues with the production.

Best regards,
-Brandon

Brandon J. Page
BALESTRIERE FARIELLO
225 Broadway Suite 2900
New York, NY 10007
Direct +1-212-374-5404
Mobile +1-646-469-3678
Facsimile +1-212-208-2613
brandon.page@balestriere.net
www.balestriere.net

The information contained in this e-mail message is attorney-client privileged and/or confidential information intended for the use of the named recipient only. You are hereby notified that any dissemination, distribution, or copying of this communication is prohibited. If you have received this communication in error, please immediately notify the sender by replying to this e-mail or by calling us at 212-374-5400 and please immediately delete this communication. Thank you.

---

**STATEMENT OF CONFIDENTIALITY**
This electronic message may contain privileged or confidential information. If you are not the intended recipient of this e-mail, please delete it from your system and advise the sender.

---

In accordance with Internal Revenue Service Circular 230, we inform you that any discussion of a federal tax issue contained in this communication (including any attachments) is not intended or written to be used, and it cannot be used, by any recipient for the purpose of (i) avoiding penalties that may be imposed on the recipient under United States federal tax laws, or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein.

---

# Exhibit K

**Subject:** Re: Ironforge.com, et al. v. Paychex - Responses to Discovery Demands
**From:** Brandon Page <brandon.page@balestriere.net>
**Date:** Wed, 27 Apr 2011 14:20:09 -0400
**To:** "Laura W. Smalley" <Lsmalley@HarrisBeach.com>
**CC:** "Paul J. Yesawich" <pyesawich@HarrisBeach.com>, John Balestriere <john.balestriere@balestriere.net>, Jessica Acosta <jessica.acosta@balestriere.net>, "Lana K. Ivy" <sivy@HarrisBeach.com>

Laura:

I believe it makes the most sense to set aside some time for a phone call, preferably during the middle of next week, for us to go over some of the demands and defendant's objections.  This will not only give us an opportunity to talk about the current set of responses, but we can also address defendant's May 2nd responses should similar issues arise therein.  Please let us know if the afternoon of Wednesday, May 4th, works for you and your firm.

Best,
-Brandon

Brandon J. Page
BALESTRIERE FARIELLO
225 Broadway Suite 2900
New York, NY 10007
Direct +1-212-374-5404
Mobile +1-646-469-3678
Facsimile +1-212-208-2613
brandon.page@balestriere.net
www.balestriere.net

The information contained in this e-mail message is attorney-client privileged and/or confidential information intended for the use of the named recipient only. You are hereby notified that any dissemination, distribution, or copying of this communication is prohibited. If you have received this communication in error, please immediately notify the sender by replying to this e-mail or by calling us at 212-374-5400 and please immediately delete this communication. Thank you.

On 4/26/2011 4:55 PM, Laura W. Smalley wrote:

> **WITHOUT PREJUDICE**
>
> Brandon, this is in response to the letter from your office of April 15, 2011.   The correspondence did not identify particular requests or responses to interrogatories that you deem deficient.  To the extent that Paychex objected to certain document requests/interrogatories, it was not solely that because they information about the class rather than the named plaintiffs.  For example, Document Request No. 15 asks for all documents relating to interest received by Paychex being held for company clients.  That request, which I presume relates to the alleged "Skimming Fraud," has been dismissed.   Other requests are simply overbroad and burdensome.  For example, Request No. 16 requests all company client complaints, without being limited to a particular type of complaint or location.  This request is exceedingly overbroad and burdensome.  Complaints are not maintained in a centralized database.
>
> To resolve these outstanding issues, please let me know what specific requests/responses you have issues with and how you propose to narrow your requests.
>
> Thank you,

Laura W. Smalley
Partner

HARRIS BEACH PLLC
ATTORNEYS AT LAW
99 Garnsey Road
Pittsford, NY 14534
585.419.8736   Direct
585.419.8813   Fax
585.419.8800   Main
lsmalley@HarrisBeach.com

practice GREEN
Save a tree. Read, don't print, emails.
-----Original Message-----
From: Brandon Page [mailto:brandon.page@balestriere.net]
Sent: Monday, April 25, 2011 2:59 PM
To: Laura W. Smalley
Cc: Paul J. Yesawich; John Balestriere; Jessica Acosta
Subject: Ironforge.com, et al. v. Paychex - Responses to Discovery Demands

Laura:

I write to follow up on John Balestriere's letter of April 15, 2011,
regarding Paychex's responses to Plaintiffs' First Sets of Document
Requests, Interrogatories, and Requests for Admission. As the letter
stated, we are willing to move to compel further disclosure if
necessary, however, we would like to avoid that if possible.  Please let
us know if you intend to supplement your responses or if you wish to
further discuss our issues with the production.

Best regards,
-Brandon

Brandon J. Page
BALESTRIERE FARIELLO
225 Broadway Suite 2900
New York, NY 10007
Direct +1-212-374-5404
Mobile +1-646-469-3678
Facsimile +1-212-208-2613
brandon.page@balestriere.net
www.balestriere.net

The information contained in this e-mail message is attorney-client privileged and/or confidential information intended for the use of the named recipient only. You are hereby notified that any dissemination, distribution, or copying of this communication is prohibited. If you have received this communication in error, please immediately notify the sender by replying to this e-mail or by calling us at 212-374-5400 and please immediately delete this communication. Thank you.

**STATEMENT OF CONFIDENTIALITY**
This electronic message may contain privileged or confidential information. If you are not the intended recipient of this e-mail, please delete it from your system and advise the sender.

In accordance with Internal Revenue Service Circular 230, we inform you that any discussion of a federal tax issue contained in this communication (including any attachments) is not intended or written to be used, and it cannot be used, by any recipient for the purpose of (i) avoiding penalties that may be imposed on the recipient under United States federal tax laws, or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein.

6/7/2011 4:03 PM

# Exhibit L

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

IRONFORGE.COM, et al., individually
and for all others similarly situated,

          Plaintiffs,                    C.A. No.: 6:09-cv-06264-DGL

    v.

PAYCHEX, INC.,
          Defendant.

---

## DEFENDANT'S RESPONSES TO PLAINTIFFS'
## SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant Paychex, Inc. ("Paychex"), by and through its attorneys, Harris Beach PLLC,

hereby responds and objects to the Second Request for Production of Plaintiffs Ironforge.com

("Ironforge"), Road Service, Inc. ("Road Service"), and Handy Man Solutions d/b/a Mr.

Handyman of Eastern Monroe County, Inc. ("Handyman"), (together with Ironforge and Road

Service, "Plaintiffs").

## GENERAL OBJECTIONS

1.      Paychex objects to each and every Request contained in Plaintiffs' Second

Request for Production on the grounds that they are vague, overbroad, unduly burdensome

and/or ambiguous, and thus are not relevant to the subject matter and issues in this case, nor

reasonably calculated to lead to the discovery of admissible evidence.

2.      Paychex objects to each and every Request contained in Plaintiffs' Second

Request for Production to the extent that any Request seeks information and/or things that are

already in the possession and/or knowledge of one or more of the Plaintiffs.

3.      Paychex further objects to each and every Request contained in Plaintiffs' Second Request for Production to the extent any such Request seeks information beyond the scope of permissible discovery.

4.      Paychex further objects to each and every Request contained in Plaintiffs' Second Request for Production to the extent that any such Request seeks information and/or things not in the possession, care, custody or control of Paychex.

5.      Paychex further objects to each and every Request contained in Plaintiffs' Second Request for Production to the extent that it purports to seek information protected from disclosure by the attorney-client privilege, the work-product doctrine and/or any other privilege or immunity from discovery.  Inadvertent disclosure of any such information shall not constitute a waiver of any privilege or any other ground for objection to discovery with respect to such information or any other information, nor shall such inadvertent disclosure waive the right of Paychex to object to the use of any such information in any proceeding.

6.      Paychex further objects to each and every Request contained in Plaintiffs' Second Request for Production to the extent that it seeks to compel Paychex to furnish information that is not relevant or material to the issues or subject matter involved in the pending proceeding or reasonably calculated to lead to the discovery of admissible evidence.

7.      Paychex further objects to each and every Request contained in Plaintiffs' Second Request for Production to the extent that it seeks information and/or things that contain confidential or proprietary information.

8.      Paychex objects to Plaintiffs' attempt to discover information about the general practices of Paychex and other Company-Clients because Plaintiffs' class allegations lack a factual basis and Plaintiffs' requests are simply a fishing expedition.

9. The objections stated herein are directed to each of the Requests that follow. The assertion of the same, similar or additional objections in Paychex's specific objections to any individual Request, or the failure to assert any additional objection to any of the Requests, is not a waiver of any of Paychex's objections set forth in this section or the following sections.

## RESPONSES

**REQUEST NO. 1:**

All documents relating to all increases in fees charged to Company-Clients during the Class Period, including all documents relating to the reasons for the increases in such fees and all documents evidencing notice thereof, if any, given to affected Company-Clients.

**RESPONSE:**

Paychex objects to this Request because it is overly broad, vague and unduly burdensome. Paychex further objects on the grounds that this Request seeks information that is confidential or proprietary and information that is not relevant or material to the issues or subject matter involved in the pending proceeding and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, Paychex objects to this Request in that it seeks information beyond the scope of permissible discovery as this lawsuit does not currently involve any Company-Clients of Paychex besides Ironforge, Road Service and Handyman. Further, Paychex objects to the Request because it seeks information that does not relate to and is not common with the claims asserted by the Plaintiffs.

Not withstanding any of its foregoing objections, all documents relating to increases in fees incurred by Plaintiffs, Ironforge, Road Service and Handyman, from which a response to this document request may be ascertained, were produced by Paychex in Defendant's Responses to Plaintiffs' First Requests for Production.

See also Defendant's Responses to Plaintiffs' First Set of Interrogatories at ¶ 11.

**REQUEST NO. 2:**

**All documents reflecting customer inquiries, complaints, or other contacts concerning allegedly undisclosed fees or allegedly undisclosed increases in fees during the Class Period.**

**RESPONSE:**

Paychex objects to this Request as overly broad, vague, ambiguous and unduly burdensome. Paychex further objects on the grounds that this Request seeks information that is not relevant or material to the issues or subject matter involved in the pending proceeding and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, Paychex objects to this Request in that it seeks information beyond the scope of permissible discovery as this lawsuit does not currently involve any Company-Clients of Paychex besides Ironforge, Road Service and Handyman.

Not withstanding any of its foregoing objections, all documents relating to inquiries, complaints or other contacts concerning allegedly undisclosed fees or allegedly undisclosed increases in fees by Plaintiffs, Ironforge, Road Service and Handyman, from which a response to this document request may be ascertained, were produced by Paychex in Defendant's Responses to Plaintiffs' First Requests for Production.

See also Defendant's Responses to Plaintiffs' Requests for Admission at ¶ 27.

**REQUEST NO. 3:**

All documents concerning the manner in which customer inquiries, complaints, or other contacts by Company-Clients concerning allegedly undisclosed fees or allegedly undisclosed increases in fees are handled by Paychex, including, but not limited to customer service department manuals, memoranda, scripts, or other documents that reflect specific handling of specific rates or fees.

**RESPONSE:**

Paychex objects to this Request as overly broad, vague and unduly burdensome. Paychex further objects on the grounds that this Request seeks information that is confidential or proprietary and information that is not relevant or material to the issues or subject matter involved in the pending proceeding and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, Paychex objects to this Request in that it seeks information beyond the scope of permissible discovery as this lawsuit does not currently involve any Company-Clients of Paychex besides Ironforge, Road Service and Handyman. Further, Paychex objects to the Request because it seeks information that does not relate to and is not common with the claims asserted by the Plaintiffs.

See also Defendant's Responses to Plaintiffs' First Set of Interrogatories at ¶ 10.

**REQUEST NO. 4:**

All documents concerning the methods and criteria used by Paychex to determine and to impose new fees on Company-Clients.

**RESPONSE:**

Paychex objects to this Request as overly broad, vague and unduly burdensome. Paychex further objects on the grounds that this Request seeks information that is confidential or proprietary and information that is not relevant or material to the issues or subject matter involved in the pending proceeding and not reasonably calculated to lead to the discovery of

admissible evidence. Further, Paychex objects to the Request because it seeks information that does not relate to and is not common with the claims asserted by the Plaintiffs.

**REQUEST NO. 5:**

**All documents concerning the methods and criteria used by Paychex to determine and impose increases in fee rates on Company-Clients.**

**RESPONSE:**

Paychex objects to this Request as overly broad, vague and unduly burdensome. Paychex further objects on the grounds that this Request seeks information that is confidential or proprietary and information that is not relevant or material to the issues or subject matter involved in the pending proceeding and not reasonably calculated to lead to the discovery of admissible evidence. Further, Paychex objects to the Request because it seeks information that does not relate to and is not common with the claims asserted by the Plaintiffs.

**REQUEST NO. 6:**

**All documents concerning the manner in which fee rates are established.**

**RESPONSE:**

Paychex objects to this Request as overly broad, vague and unduly burdensome. Paychex further objects on the grounds that this Request seeks information that is confidential or proprietary and information that is not relevant or material to the issues or subject matter involved in the pending proceeding and not reasonably calculated to lead to the discovery of admissible evidence. Further, Paychex objects to the Request because it seeks information that does not relate to and is not common with the claims asserted by the Plaintiffs.

**REQUEST NO. 7:**

**Documents or a summary of the necessary documents sufficient to identify every type of fee charged by Paychex to Company-Clients enrolled for electronic payroll services.**

**RESPONSE:**

Paychex objects to this Request as overly broad, vague and unduly burdensome. Paychex further objects on the grounds that this Request seeks information that is not relevant or material to the issues or subject matter involved in the pending proceeding and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, Paychex objects to this Request in that it seeks information beyond the scope of permissible discovery as this lawsuit does not currently involve any Company-Clients of Paychex besides Ironforge, Road Service and Handyman. Further, Paychex objects to the Request because it seeks information that does not relate to and is not common with the claims asserted by the Plaintiffs.

Not withstanding any of its foregoing objections, all documents relating to types of fees charged to Plaintiffs, Ironforge, Road Service and Handyman, which responses to this document request may be ascertained, were produced by Paychex in Defendant's Responses to Plaintiffs' First Requests for Production.

**REQUEST NO. 8:**

**Any documents which are examples or exemplars of notifications of each and every new fee or fee increase imposed on Company-Clients who enroll for electronic payroll services since the first date in the Class Period to present.**

**RESPONSE:**

Paychex objects to this Request as overly broad, vague and unduly burdensome. Paychex further objects on the grounds that this Request seeks information that is not relevant or material to the issues or subject matter involved in the pending proceeding and not reasonably calculated

to lead to the discovery of admissible evidence. Moreover, Paychex objects to this Request in that it seeks information beyond the scope of permissible discovery as this lawsuit does not currently involve any Company-Clients of Paychex besides Ironforge, Road Service and Handyman.

Not withstanding any of its foregoing objections, all documents relating to notifications of new or increased fees imposed upon Plaintiffs, Ironforge, Road Service and Handyman, which responses to this document request may be ascertained, were produced by Paychex in Defendant's Responses to Plaintiffs' First Requests for Production.


**REQUEST NO. 9:**

**All documents concerning the increases in revenues, or other revenue effects, anticipated to result from increases in fees for electronic payroll services during the Class Period.**

**RESPONSE:**

Paychex objects to this Request as overly broad, vague and unduly burdensome. Paychex further objects on the grounds that this Request seeks information that is not relevant or material to the issues or subject matter involved in the pending proceeding and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, Paychex objects to this Request in that it seeks information beyond the scope of permissible discovery as this lawsuit does not currently involve any Company-Clients of Paychex besides Ironforge, Road Service and Handyman.

See also Defendant's Response to Plaintiffs' First Set of Interrogatories at ¶ 5.

**REQUEST NO. 10:**

All the documents concerning the increases in revenues, or other revenue effects, as a result from increases in fees for electronic payroll services incurred during the Class Period.

**RESPONSE:**

Paychex objects to this Request as overly broad, vague and unduly burdensome. Paychex further objects on the grounds that this Request seeks information that is not relevant or material to the issues or subject matter involved in the pending proceeding and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, Paychex objects to this Request in that it seeks information beyond the scope of permissible discovery as this lawsuit does not currently involve any Company-Clients of Paychex besides Ironforge, Road Service and Handyman.

See also Defendant's Response to Plaintiffs' First Set of Interrogatories at ¶ 5.


**REQUEST NO. 11:**

All documents concerning Paychex's corporate decisions, concerning setting prices and fees charged to Company-Clients, made by Paychex's "Key Employee Witnesses," as identified in Defendant's Motion (Motion, 9-12).

**RESPONSE:**

Paychex objects to this Request as overly broad, vague and unduly burdensome. Paychex further objects on the grounds that this Request seeks information that is confidential or proprietary and information that is not relevant or material to the issues or subject matter involved in the pending proceeding and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, Paychex objects to this Request in that it seeks information

beyond the scope of permissible discovery as this lawsuit does not currently involve any Company-Clients of Paychex besides Ironforge, Road Service and Handyman.


Dated: May 4, 2011
      Pittsford, New York

                          Respectfully submitted,

                          Paul J. Yesawich, III
                          Laura W. Smalley
                          Svetlana K. Ivy
                          HARRIS BEACH PLLC
                          *Attorneys for Defendant Paychex, Inc.*
                          99 Garnsey Road
                          Pittsford, New York  14534
                          (585) 419-8800

# Exhibit M

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

IRONFORGE.COM, et al., individually
and for all others similarly situated,

        Plaintiffs,                C.A. No.: 6:09-cv-06264-DGL

v.

PAYCHEX, INC.,
        Defendant.

---

## DEFENDANT'S RESPONSES TO PLAINTIFFS'
## SECOND SET OF INTERROGATORIES

Paychex, Inc. ("Paychex"), by and through its attorneys, Harris Beach PLLC, hereby responds and objects to Plaintiffs Ironforge.com ("Ironforge"), Road Service, Inc. ("Road Service"), and Handy Man Solutions d/b/a Mr. Handyman of Eastern Monroe County, Inc.'s ("Handyman"), (together with Ironforge and Road Service, "Plaintiffs") Second Set of Interrogatories. Nothing in these responses shall be construed as a waiver of any rights or objections that are otherwise available to Paychex.

### GENERAL OBJECTIONS

1.      Paychex objects to Plaintiffs' interrogatories to the extent that they request information subject to the attorney-client, work product or any other recognized privilege against disclosure.

2.      Paychex objects to Plaintiffs' interrogatories to the extent that they request information that is unreasonably cumulative, duplicative or obtainable from some other source that is more convenient, less burdensome or less expensive.

3.     Paychex objects to Plaintiffs' interrogatories to the extent that they request information that is already known to Plaintiffs or otherwise available to Plaintiffs from documents in its own files or from public records.

4.     Paychex objects to Plaintiffs' interrogatories to the extent that they call for a legal conclusion.

5.     Paychex objects to Plaintiffs' interrogatories to the extent that they request confidential business information with no evidentiary significance.

6.     Paychex objects to those interrogatories which solicit identification (and production) of documents which are not relevant to the subject matter of this civil action and/or not likely to lead to the discovery of admissible evidence.

7.     Paychex objects to those interrogatories that seek information beyond the scope of permissible discovery.

8.     Paychex objects to each and every definition, instruction and interrogatory to the extent that it purports to impose discovery obligations beyond those permitted by the Federal Rules of Civil Procedure and the Local Rules of the Western District of New York.

9.     To the extent Paychex adopts any term or definition presented by Plaintiffs, they are adopted solely for convenience in responding to these interrogatories, and Paychex does not accept any terms or definitions or concede that any of them are appropriate, descriptive or accurate.

10.    Paychex reserves the right to amend or supplement its answers by virtue of obtaining additional information or otherwise as permitted by the Federal Rules of Civil Procedure.

11.    Paychex objects to Plaintiffs' attempt to discover information about the general practices of Paychex and other Company-Clients because Plaintiffs' class allegations lack a factual basis and Plaintiffs' requests are simply a fishing expedition.

12.    The objections stated herein are directed to each of the Interrogatories that follow. The assertion of the same, similar or additional objections in Paychex's specific objections to any individual Interrogatory, or the failure to assert any additional objection to any of the Interrogatories, is not a waiver of any of Paychex's objections set forth in this section or the following sections.

## RESPONSES

### INTERROGATORY NO. 1

**Identify every person who was responsible, associated with, or had knowledge of the decision by Paychex to increase fees to Company-Clients for electronic payroll services.**

**RESPONSE:**

Paychex objects to this Interrogatory because it assumes facts that have not been established, it is vague, overbroad and requests information not relevant to the subject matter of this civil action and not likely to lead to the discovery of admissible evidence. Paychex further objects that this Interrogatory seeks information beyond the scope of permissible discovery as this lawsuit does not currently involve any Company-Clients of Paychex besides Ironforge, Road Service and Handyman.

See also Defendant's Responses to Plaintiffs' First Set of Interrogatories at ¶ 7.

## INTERROGATORY NO. 2

**Identify every person who was responsible, associated with, or had knowledge of giving notification of new fees and/or fee increases to Company-Clients for electronic payroll services.**

**RESPONSE:**

Paychex objects to this Interrogatory as it is overbroad and requests information not relevant to the subject matter of this civil action and not likely to lead to the discovery of admissible evidence. Paychex further objects that this Interrogatory seeks information beyond the scope of permissible discovery as this lawsuit does not currently involve any Company-Clients of Paychex besides Ironforge, Road Service and Handyman.

## INTERROGATORY NO. 3

**To the extent that Paychex has a uniform policy or procedure concerning the implementation of new fees, as defined, on existing Company-Clients, identify the steps taken by Paychex before it imposes a new fee, as defined, on an existing Company-Client. If Paychex does not have a uniform policy for all Company-Clients, identify the steps taken by Paychex before imposing new fees, as defined, on Plaintiffs.**

**RESPONSE:**

Paychex objects to this Interrogatory as it is overbroad and requests information not relevant to the subject matter of this civil action and not likely to lead to the discovery of admissible evidence. Paychex further objects that this Interrogatory seeks information beyond the scope of permissible discovery as this lawsuit does not currently involve any Company-Clients of Paychex besides Ironforge, Road Service and Handyman. Further, this Interrogatory seeks information that does not relate and/or is not common with those claims asserts by the Plaintiffs.

4

## INTERROGATORY NO. 4

To the extent that Paychex has a uniform policy or procedure concerning the implementation of an increase in fees for electronic payroll services on existing Company-Clients, identify the steps taken by Paychex before it imposes an increase in fees, as defined, on an existing Company-Client. If Paychex does not have a uniform policy for all Company-Clients, identify the steps taken by Paychex before imposing increases in fees, as defined, on Plaintiffs.

**RESPONSE:**

Paychex objects to this Interrogatory as it is overbroad and requests information not relevant to the subject matter of this civil action and not likely to lead to the discovery of admissible evidence. Paychex further objects that this Interrogatory seeks information beyond the scope of permissible discovery as this lawsuit does not currently involve any Company-Clients of Paychex besides Ironforge, Road Service and Handyman. Further, this Interrogatory seeks information that does not relate and/or is not common with those claims asserts by the Plaintiffs.

## INTERROGATORY NO. 5

Identify all persons responsible, associated with, or who had knowledge of in Paychex's corporate decisions made from its Rochester office which relate to (1) procedures for providing Company-Clients with electronic payroll services; (2) protocols for handling client complaints; and (3) setting pricing and fees for electronic payroll services to its Company-Clients.

**RESPONSE:**

Paychex objects to this Interrogatory because it assumes facts that have not been established, is overbroad and requests information not relevant to the subject matter of this civil action, and is not likely to lead to the discovery of admissible evidence. Paychex further objects that this Interrogatory seeks information beyond the scope of permissible discovery as this

lawsuit does not currently involve any Company-Clients of Paychex besides Ironforge, Road Service and Handyman.

## INTERROGATORY NO. 6

Describe the roles and responsibilities, specifically with regard to setting fees for electronic payroll services, for determining increases in fees, and disclosures regarding increases in fees for electronic payroll services, of each of the following "Key Employee Witness", as defined in Defendant's Motion (Motion, 9-12):

       a.    David Vot;
       b.    John Byrne
       c.    Rebecca Wagner
       d.    Michael Deats
       e.    Neil Rohrer
       f.    Joni McManus
       g.    Kimberly Kelly

**RESPONSE:**

Paychex objects to this Interrogatory as it is overbroad, requests information not relevant to the subject matter of this civil action and is not likely to lead to the discovery of admissible evidence. Paychex further objects that this Interrogatory seeks information beyond the scope of permissible discovery as this lawsuit does not currently involve any Company-Clients of Paychex besides Ironforge, Road Service and Handyman.

Dated: May 4, 2011
      Pittsford, New York

                                      Respectfully submitted,

                                        Paul J. Yesawich, III
                                        Laura W. Smalley
                                        Svetlana K. Ivy
                                        HARRIS BEACH PLLC
                                        *Attorneys for Defendant Paychex, Inc.*
                                        99 Garnsey Road
                                        Pittsford, New York 14534
                                        (585) 419-8800

## CERTIFICATE OF SERVICE

I hereby certify that on May 4, 2011, the foregoing Defendant's Responses to Plaintiffs'

Second Set of Interrogatories were served on the following counsel of record via United States

Postal Service, to:

John Balestriere
BALESTRIERE FARIELLO
225 Broadway, Suite 2900
New York, NY 10007
john.balestriere@balestriere.net
*Attorney for Plaintiffs*

Laura W. Smalley

# Exhibit N

**Subject:** Ironforge v. Paychex
**From:** "Laura W. Smalley" <Lsmalley@HarrisBeach.com>
**Date:** Mon, 16 May 2011 09:45:14 -0400
**To:** <brandon.page@balestriere.net>
**CC:** "Jessica Acosta" <jessica.acosta@balestriere.net>, "Paul J. Yesawich" <pyesawich@HarrisBeach.com>, "Lana K. Ivy" <sivy@HarrisBeach.com>

WITHOUT PREJUDICE

Dear Brandon:

   This email summarizes our meet and confer last week.  As outlined in my email of May 10, we expressed our concern that only 2 pages of plaintiffs' 130 page document production contained information regarding the named plaintiffs. Documents that we expected, such as invoices, bank account statements and the like, were not contained in plaintiffs' production.  You indicated that you were still reviewing plaintiffs' document production.  You asserted that, although plaintiffs' documents were not in your initial production, you had obtained the documents and were positive that proper due diligence had been done before making the class action allegations.  You indicated that you would send the Handyman documents that day or the next.  (We received the Handyman documents on Friday, May 13.  I do note  that, although the correspondence sent by email dated May 10 purported to provide the document production on that date, the letter was sent by federal express 2-day service on May 11).  You indicated that you are waiting on the Ironforge documents.  Richard Bergin, the owner of Ironforge, put the documents in storage in L.A. and is still trying to retrieve them.  You did locate the audio file of the alleged Paychex apology and are sending it.  You did not address the comments deleted from YouTube.  You indicated that you believe that Road Service will be dropped from the lawsuit because the owner is no longer interested in pursuing the claim.

   With respect to your objections to our responses, we explained that our objection to many of your requests is that they seek class discovery on "unexplained fees"; but, the requests are vague and/or irrelevant because the named plaintiffs have not even alleged that they incurred any "unexplained fees" in the complaint or in the motion for class certification.  Ironforge does not quarrel with the amount or type of fees it was charged -- it simply alleged that Paychex processed certain payrolls after Ironforge allegedly terminated its contract.  Handyman alleges in essence a clerical error in processing one of its payrolls, which was corrected and after which Handyman was offered, and accepted, a year of free payroll services.  Road Service (which is going to drop its claim) alleged that monies debited for its 401k were not transferred to its 401k.  None of these cases involve "unexplained fees" and plaintiffs have not identified any specific fees in their document demands or interrogatories.

   We agreed to consider providing responses to your First Set of Interrogatories, Interrogatory Nos. 3 and 4, which ask for the number of persons enrolled in Paychex services or who entered Paychex Service Agreements.  We agreed to answer your Second Set of Interrogatories, Interrogatory No. 6, which seeks information on the duties of certain employees.   You agreed that the First Set of Document Requests, Request Nos. 13 and 14, and the Second Set of Document Requests, Request No. 1 are vague and overbroad.  You will narrow these, and we will consider the revised versions.  You also agreed with withdraw the First Set of Document Requests, Request No. 15.

**Laura W. Smalley**
**Partner**

HARRIS BEACH PLLC
ATTORNEYS AT LAW
99 Garnsey Road
Pittsford, NY 14534
585.419.8736   Direct
585.419.8813   Fax
585.419.8800   Main
**Website**  |  **Bio**  |  **vCard**

**p r a c t i c e G R E E N**
Save a tree. Read, don't print, emails.

---

**STATEMENT OF CONFIDENTIALITY**
This electronic message may contain privileged or confidential information. If you are not the intended recipient of this e-mail, please delete it from your system and advise the sender.

---

In accordance with Internal Revenue Service Circular 230, we inform  you that any discussion of a federal tax issue contained in this communication (including any attachments) is not intended or written to be used, and it cannot be used, by any recipient for the purpose of (i) avoiding penalties that may be imposed on the recipient under United States federal tax laws, or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein.

---

# Exhibit O

**Subject:** Ironforge.com et al v. Paychex -- Updated Demands
**From:** Brandon Page <brandon.page@balestriere.net>
**Date:** Tue, 31 May 2011 12:18:06 -0400
**To:** "Laura W. Smalley" <Lsmalley@HarrisBeach.com>

Laura:

Per our phone conversation, please find three updated demands included below:

Demand 1 from Second Set - All documents or all representative documents sent to company clients evidencing notice of fee increases.

Demand 13 from First Set - All documents describing or commenting on Paychex's policies on fee charges for Company-Clients who have entered into a service agreement with Paychex.

Demand 14 from First Set - no changes.

Best regards,
-Brandon

Brandon J. Page
BALESTRIERE FARIELLO
225 Broadway Suite 2900
New York, NY 10007
Direct +1-212-374-5404
Mobile +1-646-469-3678
Facsimile +1-212-208-2613
brandon.page@balestriere.net
www.balestriere.net

The information contained in this e-mail message is attorney-client privileged and/or confidential information intended for the use of the named recipient only. You are hereby notified that any dissemination, distribution, or copying of this communication is prohibited. If you have received this communication in error, please immediately notify the sender by replying to this e-mail or by calling us at 212-374-5400 and please immediately delete this communication. Thank you.

Exhibit P

**Subject:** RE: Ironforge.com et al v. Paychex -- Seeking Update On Discovery Responses
**From:** "Laura W. Smalley" <Lsmalley@HarrisBeach.com>
**Date:** Thu, 9 Jun 2011 12:13:35 -0400
**To:** <brandon.page@balestriere.net>
**CC:** "Jessica Acosta" <jessica.acosta@balestriere.net>, "Lana K. Ivy" <sivy@HarrisBeach.com>,
"Paul J. Yesawich" <PYesawich@HarrisBeach.com>

Brandon, we are in the process of compiling certain information.  We will update our
responses to the First Set of Interrogatories, Nos. 3 and 4, and the Second Set of
Interrogatories, No. 6.  We continue to object to the Second Set of Document Demands
(Nos. 1 and 13) because they are overbroad, do not identify specific fees at issue and
the named plaintiffs have not stated a claim regarding fee increases.

To disclose the information covered by the First Set of Interrogatories, No. 3 and 4,
we would like to have a stipulated protective order so that we can designate these
items "confidential."  I will forward you a draft of a proposed order.


Laura W. Smalley
Partner

HARRIS BEACH PLLC
ATTORNEYS AT LAW
99 Garnsey Road
Pittsford, NY 14534
585.419.8736   Direct
585.419.8813   Fax
585.419.8800   Main
lsmalley@HarrisBeach.com

practice GREEN
Save a tree. Read, don't print, emails.
-----Original Message-----
From: Brandon Page [mailto:brandon.page@balestriere.net]
Sent: Wednesday, June 08, 2011 4:35 PM
To: Laura W. Smalley
Cc: Jessica Acosta
Subject: Ironforge.com et al v. Paychex -- Seeking Update On Discovery Responses

Laura:

Please provide an update as to when you will be providing supplemental
responses to Plaintiffs' discovery demands.  When we spoke last Tuesday
you said something to the effect of "in about a week".

Best regards,
-Brandon

Brandon J. Page
BALESTRIERE FARIELLO
225 Broadway Suite 2900
New York, NY 10007
Direct +1-212-374-5404
Mobile +1-646-469-3678
Facsimile +1-212-208-2613
brandon.page@balestriere.net
www.balestriere.net

The information contained in this e-mail message is attorney-client privileged and/or
confidential information intended for the use of the named recipient only. You are
hereby notified that any dissemination, distribution, or copying of this communication
is prohibited. If you have received this communication in error, please immediately

notify the sender by replying to this e-mail or by calling us at 212-374-5400 and please immediately delete this communication. Thank you.

-----------------------------------------------------------------------
STATEMENT OF CONFIDENTIALITY
This electronic message may contain privileged or confidential information. If you are not the intended recipient of this e-mail, please delete it from your system and advise the sender.
-----------------------------------------------------------------------
In accordance with Internal Revenue Service Circular 230, we inform you that any discussion of a federal tax issue contained in this communication (including any attachments) is not intended or written to be used, and it cannot be used, by any recipient for the purpose of (i) avoiding penalties that may be imposed on the recipient under United States federal tax laws, or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein.
-----------------------------------------------------------------------