# Exhibit A

John G. Balestriere
**BALESTRIERE FARIELLO**
225 Broadway, Suite 2900
New York, NY 10007
Telephone: (212) 374-5401
Facsimile: (212) 208-2613
john.balestriere@balestriere.net
*Attorney for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **IRONFORGE.COM, et al.**, individually and for all other similarly situated,<br><br>                                 Plaintiffs,<br><br>       - against -<br><br>**PAYCHEX, INC.,**<br><br>                            Defendant. | Civil Action No.:<br><br>09-cv-06264-DGL-MWP<br><br>**PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** |

### PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PAYCHEX, INC.

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Local Rules 26.2 and 26.3 of this Court, Plaintiffs Ironforge.com ("Ironforge"), Road service, Inc. ("Road Service"), Handy Man Solutions d/b/a Mr. Handyman of Eastern Monroe County, Inc. ("Handyman", together with Ironforge and Road Service, "Plaintiffs") hereby request that Defendant Paychex, Inc., ("Defendant" or "Paychex"), produce for Plaintiffs' inspection and copy the documents described below within **thirty days** after service hereof.  Inspection shall take place at the office of Balestriere Fariello, 225 Broadway, Suite 2900, New York, NY 10007.

## DEFINITIONS

In addition to the definitions listed below, Plaintiffs incorporate the Uniform Definitions in Discovery Requests pursuant to Local Civil Rule 26.3 in full:

1.  "401(k) service" means the retirement plan as delineated in Internal Revenue Code section 401, paragraph. As part of the 401(k) plan, a separate account is established for an employee and a part of an employee's pay is contributed to the 401(k) retirement plan.

2.  "Class Period" means the relevant timeframe in this matter, starting in or around March 2003 until the present.

3.  "Company-Client" means any company or client who had any type of service agreement with Paychex.

4.  "Company-Client bank" refers to a financial institution that provides specific products, services, and business needs to a Company-Client.

5.  "Company-Client bank account" means a financial account with a Company-Client bank that conducts all, or some, of the Company-Client's business transactions.

6.  "Complaint Process" or "Customer Service Protocol" the process or company policy whereby a customer can make a complaint about his/her satisfaction with a product or service.

7.  "Customer Service" means a type of service provided before, during, and after a purchase by a company or business, through a representative or

8. "Defendant" means Paychex, Inc.

9. "Dispute" means the current action pending between Plaintiffs and Defendant, *Ironforge.com v. Paychex, Inc.*, No. 6:09-cv-06264-DGL-MWP.

10. The term "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rules of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

11. "Employed" means the state of having employment, in which one person offers service under contract of hire.

12. "Employee" means a person who is hired by an employer to perform a specific type of work.

13. "Enrolled" or "Enrollment" means the process of initiating a type of service with a company or business.

14. The term "Fee" means any monies withdrawn from Company-Clients' bank accounts, or any charges to Company-Clients, for services performed by Paychex, either disclosed or undisclosed, and either authorized or unauthorized.

15. The term "Handyman" refers to Handyman Solutions d/b/a Mr. Handyman of Eastern Monroe County, Inc. in Monroe County, NY. Kathryn Miller is president and managing owner of Handyman Solutions.

16. The term "Identify" when referring to documents, means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

17. "Identify", when referring to a person, means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.

18. "Ironforge" means Ironforge.com and its owner Richard Bergin. Ironforge's location of business is Los Angeles, California.

19. "Matter" means any civil, criminal, agency, regulatory, or self-regulatory action, and includes litigation, investigations, mediations, negotiations, arbitrations, and any other means to resolve or address an actual or potential dispute.

20. The term "Paychex" means Paychex, Inc., whose headquarters is located in Rochester, NY.

21. The term "person" is defined as any natural person or any business, legal or governmental entity.

22. "Physical evidence" means any physical object, intended to prove a fact in issue based on its demonstrable physical characteristics or in other words

23. "Plaintiffs" mean Ironforge.com, Road Service, Inc., and Handyman Solutions d/b/a Mr. Handyman of Eastern Monroe County, Inc.

24. The terms "Plaintiff" and "Defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.

25. "Road Service" refers to Road Service, Inc., located in Rochester, NY, and its owner Rikk Foringer.

26. The term "Service Agreement" refers to the agreement between Paychex and a Company-Client, whereby Company-Client employs Paychex to provide specified services that the Company-Client acknowledges under the provision to pay the agreed upon fees.

27. "Withdrawal" means the removal of money from a bank account or financial institution.

28. "Unauthorized" means without explicit permission from the person or people in authority.

## INSTRUCTIONS

1. Whenever a request calls for information which is not available to you in the form requested, but is available in another form or can be obtained, at least in part, from other data in your possession, so state and either supply the

2. 	The time frame of this Request, unless otherwise indicated or agreed to by the parties is the Class Period as defined above.

3. 	This Request is continuing in nature. The Defendant answering this Request must supplement its responses to this Request, and when additional responsive documents become known or available to Defendant prior to trial.

4. 	Defendant shall produce all documents in his possession, custody or control, including documents in the possession of those purporting to act or to have acted on behalf of Defendant or those who may have obtained information for or on behalf of Defendant regarding the subject matter of this case.

5. 	Each and every document request shall be construed independently. No request shall be construed by reference to any other request if the result is a limitation of the scope of the response to such a request.

6. 	If Defendant objects to any request, or part thereof, Defendant must state with specificity all grounds for objecting and respond to the request to the extent that Defendant does not object.

7. 	Each document request shall be set forth separately and shall be accorded a separate response. Each response shall first set forth verbatim the document request to which it is responsive, followed by Defendant's response.

8. Documents produced shall be numbered accordingly using a Bates numbering system.

9. No part of a document request shall be left unanswered merely because an objection is interposed to another part of the document request.

10. If Defendant is unable to answer any document request, the reasons for Defendant's inability to answer shall be separately stated in detail for each document request.

11. Reference to any entity includes each of its officials, officers, directors, employees, agents, attorneys, or other persons acting or purporting to act on behalf of the foregoing, whether currently or formerly employed or retained in these capacities.

12. If any document, or any portion of any document, is withheld under claim of attorney-client privilege or upon any other ground, the respondent withholding the document shall furnish a list, signed by the person supervising the response to this request, identifying each document withheld and stating with respect to each:

    a. The date and number of pages of the document and the identities of its author, addressee, and each person to whom copies were sent or were to be sent;

    b. the subject matter of the document;

    c. the identity of each person to whom the document, its contents, or any portion thereof is known or has been disclosed;

d. if the document is withheld on the grounds of attorney-client privilege;

    (i)      each basis for such claim of privilege, and

    (ii)      identity of each person who was privy to any asserted privileged communication reflected in the document; and

e. if the document is withheld on any ground other than attorney-client privilege, each basis which respondent contends justifies its withholding the document.

## REQUESTS FOR DOCUMENT PRODUCTION

1.    All documents, communications, or documents of communications, relating to any of the interrogatories contained in Plaintiffs' First Set of Interrogatories.

2.    All communications and all documents memorializing such communications, between Ironforge and Paychex since the time of enrollment in November 2004 until June 2007.

3.    All documents memorializing Plaintiffs' enrollment in Paychex service, including but not limited to, Plaintiffs' Service Agreements.

4.    All documents evidencing Plaintiff Ironforge's payment of fees to Paychex during Ironforge's time of enrollment.

5.    All documents evidencing Plaintiff Road Service's payment of fees to Paychex during Road Service's time of enrollment.

6.     All documents evidencing Plaintiff Handyman's payment of fees to Paychex during Handyman's time of enrollment.

7.     All documents evidencing processing fees Paychex charged Plaintiff Ironforge.

8.     All documents evidencing processing fees Paychex charged Plaintiff Road Service.

9.     All documents evidencing processing fees Paychex charged Plaintiff Handyman.

10.     All documents evidencing any transfer of funds made by Paychex from Plaintiff Road Service's Company-Client account to Road Service's 401(k) service provider account.

11.     All documents Paychex salespersons are trained or instructed to use during sales pitches to potential customers.

12.     All documents relating to or pertaining to all fees received by Paychex from Plaintiffs' or from Plaintiffs' Company-Client bank accounts.

13.     All documents relating to or pertaining to Paychex's policies on Company-Client fee charges for Company-Clients who have entered a Service Agreement.

14.     All communications and all documents memorializing such communications, between Plaintiffs' and Paychex's customer service representatives or employees.

15.     All documents relating to or pertaining to interest received by Paychex on money being held for Company-Clients for the purpose of payroll or tax services during the Class Period, broken down by quarter.

16.     All documents relating to Company-Client complaints, including but not limited to, documents identifies in the Plaintiff's Requests for Admission.

Dated:     New York, New York          Respectfully submitted,
          February 11, 2011

John G. Balestriere
**BALESTRIERE FARIELLO**
225 Broadway, Suite 2900
New York, NY 10007
Telephone: (212) 374-5401
Facsimile: (212) 208-2613
john.balestriere@balestriere.net
*Attorney for Plaintiffs*